THE STATE *ex rel.* ZIEGENHEIN, Collector, *Appellant,* v. SPENCER *et al.*

Division Two, March 14, 1893.

1. **Taxation**: ASSESSMENT: DUTY OF ASSESSOR TO MAKE OUT LIST.    The assessor has authority to make out a list of the taxpayer's property for assessment only where the taxpayer has failed to make out and deliver it.    Revised Statutes, 1889, secs. 7532, 7535.

2. ———: ———: INCREASE OF VALUATION.    Where the taxpayer has made out and delivered to the assessor a list of his personal property without objection from him, the latter cannot raise the valuation without notice to the taxpayer, even though the statute does not expressly require notice.

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Rassieur & Schnurmacher* for appellant.

(1) The duty of making a valuation and assessment of all taxable property within the state is by general statute imposed upon the various county assessors.    Revised Statutes, 1889, sec. 7564.    In the city of St. Louis the same duty is required to be performed "in accordance with the general laws," by a board of assessors, consisting of a president of the board and one assessor for each assessment district, to

be appointed by the mayor, with the confirmation of the city council.    Scheme and Charter of the City of St. Louis, art. 5, "Revenue and Taxation," sec. 15. (See 2 Revised Statutes, p. 2114).    (2) The remedy of any taxpayer whose property has been erroneously assessed is by appeal to a board of equalization. Revised Statutes, 1889, sec. 7572. 'Scheme and Charter of the City of St. Louis, art. 5, sec. 24.    (Revised Statutes, p. 2116.)    "The duty of said board shall be to adjust, correct and equalize the valuation of real estate and personal property in said city."    2 Revised Statutes, p. 2116 aforesaid.    (3) The acts of the assessor and of the board of equalization on appeal, in assessing and valuing property for the purposes of taxation are judicial or quasi-judicial in their nature, and are not subject to review by the courts, except for fraud or want of jurisdiction.    *Ins. Co. v. Charles*, 47 Mo. 462; *State ex rel. v. St. Louis*, 47 Mo. 594; *Railroad v. Maguire*, 49 Mo. 482; *State ex rel. v. Dowling*, 50 Mo. 134; *Potosi v. Casey*, 27 Mo. 372; *Hamilton v. Rosenblatt*, 8 Mo. App. 237.

*Selden P. Spencer* for respondents.

(1) "In this state the assessment is made by the assessor by obtaining from the taxpayer a list of his taxable property and its value.    When this list is received, the value given to the property by the assessor at that time is its assessed value.    The taxpayer has a right so to consider it."    *Rich Hill Mining Co. v. Neptune*, 19 Mo. App. 438, 441.    (2) "The statute nowhere authorizes the assessor, where a list of property is furnished, to treat that return as untrue, and to increase the valuation, without any notice to the person making the return.    The plain meaning of the revenue law is, that, after property is listed for taxation, the

valuation shall not be increased without notice."
*Relfe v. Ins. Co.*, 11 Mo. App. 374, 381; Revised
Statutes, 1889, sec. 7519; *Railroad v. Cass Co.*, 53 Mo.
30. (3) The action of the assessor or board in increasing the burden without notice is in such case, like a
suit without summons, void. A statute to the contrary
would be unconstitutional. "Aside from any consideration of the statute, notice is an absolute prerequisite
to the right or power to raise the assessment." *Rich
Hill Mining Co. v. Neptune*, 19 Mo. App. 438, 442, 443
and 444, and authorities cited; *Stuart v. Palmer*, 74
N. Y. 183, and cases cited; *Sioux City v. Washington
Co.*, 3 Neb. 30, p. 43; *Land Co. v. Buffalo Co.*, 7 Neb.
253, 258; *Patten v. Green*, 13 Cal. 329; Cooley on
Taxation [6 Ed.] p. 363.

SHERWOOD, J.—Action by the collector of the city
of St. Louis, under section 7626, Revised Statutes,
1889, against defendants upon a delinquent tax bill
amounting to $1,100, on personal property assessed at
$50,000, and alleged to have been in their care and
custody as trustees under the will of Lucy L. Keitland,
deceased.

The undisputed evidence shows that the defendants in proper time and manner made return to the
assessor of the property in their custody, valuing the
same at $33,853.69, its correct valuation; that afterwards without notice to them this valuation was raised
to the sum of $50,000, and the assessment raised
accordingly; and that defendants knew nothing of this
until the tax bill in suit was presented to them for
payment, long after the time for appealing from the
unjust assessment was past.

Under the provisions of sections 7532 and 7535,
Revised Statutes, 1889, if no list be delivered to the
assessor in proper time and manner, "the assessor shall

himself make out the list,'' etc.    The failure of the tax-payer to give his list is the basis and condition prece-dent to any authority in the assessor "to make out the list'' for him.    In this case then, the act of the assessor was jurisdictionless and void, inasmuch as a proper list had already been returned by the defendants, and con-sequently no basis for the exercise of the assumed power existed.    When the defendants in this cause delivered their list to the assessor, without objection from him, they had the right to presume, and the law justified them in that presumption, that their valuation of the property was accepted and would remain as delivered.    And even if the assessor had authority to raise the assessment he could not do this without notice to the party to be affected thereby.

On this point an eminent jurist observes:    "Pro-vision for notice is therefore part of the 'due process of law' which it has been customary to provide for these summary proceedings; and it is not to be lightly assumed that constitutional provisions, carefully framed for the protection of property rights, were intended or could be construed to sanction legislation under which officers might secretly assess the citizens for any amount in their discretion, without giving him an opportunity to contest the justice of the assessment.    It has often been very pointedly and emphatically declared that it is contrary to the first principles of justice that one should be condemned unheard; and it has also been justly observed of taxing officers, 'that it would be a danger-ous precedent to hold that any absolute power resides in them to tax as they may choose without giving any notice to the owner.    It is a power liable to great abuse;' and it might have been safely added, it is a power that under such circumstances would be certain to be abused.    'The general principles of law applicable

to such tribunals oppose the exercise of any such power.'" Cooley on Taxation [2 Ed.] 363, 364.

Elsewhere the same author says:

"The courts have been particularly careful to see that revisory tax tribunals did not change assessments to the prejudice of taxpayers, who, under the circumstances, had no reason to look for or anticipate any such change. If the taxpayer himself does not appeal, he has a right to suppose that the assessment against him will be allowed to stand as made. If authority is conferred upon the board of review to change assessments under any specific circumstances, the existence of those circumstances is a condition precedent to their action." Cooley on Taxation, 420. "So, if the party has been illegally deprived of the opportunity to be heard in opposition to the assessment, the defect is jurisdictional." Cooley on Taxation, 304, 305.

The precise point under discussion was passed upon by the St. Louis court of appeals in *Relfe v. Life Ins. Co.*, 11 Mo. App. 374, where it was held that after an assessment is made that it does not lie in the power of the assessor to raise the original assessment on personal property without notice to the taxpayer. The same point has been ruled the same way in Illinois. *McConkey v. Smith*, 73 Ill. 313; *Cleghorn v. Postlewaite*, 43 Ill. 428. See also on same point, *People v. Forrest*, 96 N. Y. 544; *Moores v. Street Commissioners*, 134 Mass. 431. A similar conclusion was reached in *Mining Co. v. Neptune*, 19 Mo. App. 438, in regard to the board of equalization raising the assessment of personal property without notice to the owner. See also *Railroad v. Cass Co.*, 53 Mo. 17, where substantially the same principle is enunciated.

It is true that the revenue law does not require notice to be given to the taxpayer of any "raise" in the valuation of *personal* property, though it does as to

real estate, and fixes a day when all parties in interest shall be heard, to-wit, the fourth Monday of April; yet the omission is immaterial, since the law will imply that notice was intended. *Wickham v. Page,* 49 Mo. 526; *Laughlin v. Fairbanks,* 8 Mo. 370; *Brown v. Weatherby,* 71 Mo. 152; *George v. Middough,* 62 Mo. 549; *State ex rel. v. Board,* 18 S. W. Rep. 782.

It is contended, however, that the act of the assessor is *judicial,* and, therefore, that the defendants cannot maintain their defense. But whether judicial or not, is immaterial to inquire, because if his act here contested does indeed assume the proportions of a judgment it is a judgment without notice and consequently void. *Abbott v. Lindenbower,* 42 Mo. 162; *State v. Board, supra.*

As the defendant has not appealed from the action of the trial court in rendering judgment for the amount due for taxes on their tax list as delivered to the assessor, it is unnecessary to pass upon the point whether the plaintiff was entitled to any recovery on his tax bill.

The premises considered, the judgment should be affirmed. All concur.