CITY OF HANNIBAL ex rel. JOSEPH BASSEN, etc., Appellant, v. E. P. BOWMAN et al., Respondents.

St. Louis Court of Appeals, February 3, 1903.

1. **Taxbills: PRIMA FACIE CASE: EVIDENCE.** Where taxbills are properly made out and certified, they are by virtue of the statute prima facie evidence that the taxes sued for are due and unpaid, and if there is nothing more in the petition than a simple declaration of the bills themselves, plaintiff would have a prima facie case.

2. **Back Taxbills: HOW MADE OUT: ASSESSOR, DUTIES OF: AUTHORITY OF ASSESSOR.** There is no such thing as an equity in a county or city that will authorize an assessor, after he has completed his assessment and turned over his books to the proper officer, and after his assessment has passed the boards of equalization and appeals, to repossess himself of the assessor's books and enter therein personal property, which by accident or intention or fraud was omitted from the list furnished by the taxpayer, and which escaped *the notice of the assessor.*

3. ———: ———: ———. And the assessor can only proceed at the time and in the manner pointed out by the statute to make his assessment, and to justify his assessment he must be able to put his finger on the statute that gives the authority to make it.

4. ———: ———: ———: ASSESSMENT: TAX. The assessment made by the assessor is the basis of the tax, and if the assessment is void, the tax is void.

Appeal from Hannibal Court of Common Pleas.—*Hon. David H. Eby,* Judge.

AFFIRMED.

STATEMENT.

The petition in this case covers twenty pages of printed matter. The material facts alleged are that the city of Hannibal was incorporated by an act of the General Assembly passed in the year 1845, with power to levy and collect certain city and special taxes set forth in the petition; that Joseph Bassen is the collector of taxes in and for said city and defendants are the administrators of the estate of Daniel Coney, who died in the year 1898; that for many years prior to his death Coney was a resident of the city of Hannibal and his personal property was at all times situated in said city and was the proper and legitimate subject of taxation by said city; that for each of the years 1893, 1894, 1895, 1896 and 1897, he was duly called upon by the assessor of said city to furnish a correct list of his personal property for taxation; that in each of said years he did furnish to the assessor a list of his personal property for taxation to which he made affidavit, but that for the year 1893 he omitted from said list and fraudulently concealed from said assessor personal property (promissory notes) subject to taxation for city purposes of the value of $33,343.53; that by means of said false list and fraudulent concealment said property wholly escaped taxation for the said year 1893; that by a like false list and concealment personal property of Coney (promissory notes) of the value of $34,893.93 escaped taxation for the year 1894; that by a like false list and fraudulent concealment personal property (promissory notes) of Coney of the value of $36,770.42 escaped taxation for the year 1895; by a like false list and fraudulent concealment property (promissory notes) of Coney of the value of $53,948.08 escaped taxation for the year 1896, and by a like false list and fraudulent concealment personal property (promissory notes) of Coney of the value of $73,799.56 escaped taxation for the year 1897; that assessments of

property subject to taxation by said city for all of said years were duly made and city taxes were duly levied and collected thereon; that the falsehood and fraud of Coney were not discovered until the administrators of his estate filed their inventory of the assets from which it was discovered that Coney had willfully and fraudulently withheld from the assessor the promissory notes aforesaid for the years 1893, 1894, 1895, 1896 and 1897; that upon this discovery the assessor assessed to Coney, by entering upon the assessor's book for the year 1893, promissory notes aggregating $33,343.53, and assessed to Coney and entered upon the assessor's book for the year 1894, promissory notes aggregating $34,893.93, and assessed to Coney and entered on the assessor's book for the year 1895 promissory notes aggregating $36,770.42, and assessed to Coney and entered upon the assessor's book for the year 1896 promissory notes aggregating $53,948.08, and assessed to Coney and entered on the assessor's book for the year 1897 promissory notes aggregating $73,799.56; that the said city clerk extended the taxes on these several assessments on the proper back-tax book for each of said years.

The assessments are set out in detail. The date, amount and names of the makers of the notes assessed are given and the notes are otherwise fully described in the petition. From the back-tax books the city clerk made out in due and regular form taxbills for each of the years above mentioned. These taxbills are made the foundation of the suit.

The defendants demurred to the petition on the following grounds:

"1. Because, as appears on the face of said amended petition, the plaintiff has not legal capacity to sue or maintain this action.

"2. Because, as appears on the face thereof, said amended petition does not state facts sufficient to constitute a cause of action.

"3. Because, as appears on the face of said amended petition, there has been no legal assessment, levy or return of the alleged taxes herein sued for.

"4. Because, as appears on the face of the amended petition, the alleged taxes herein sued for are founded upon proceedings without legal authority, and wholly nugatory and void."

The demurrer was sustained and plaintiff elected to stand upon its petition and judgment was rendered for defendants on the demurrer. Plaintiff in due time filed its motion in arrest of judgment which was overruled and plaintiff appealed.

*Thomas H. Bacon* for appellants.

(1) The assessment was duly made. The assessor's listing on his assessment book of the name of owner, itemized description of properties and the valuation all respectively for each taxable year in which said property was by false and fraudulent oath willfully withheld from return to the assessor, was a complete and perfect assessment. Burroughs on Taxation (1877), p. 201, sec. 95. It was a conclusive judicial finding and final judgment, not subject to appeal or revision. Cooley on Taxation (1879), p. 262. The owner and his so-concealed property came under the doom of the assessor's good faith.

*F. L. Schofield* for respondents.

(1) "Where there is no statutory provisions for including property left out the previous year, the assessment must be confined to the current year." Welty on Assessments, p. 36. (2) "An assessment made by a treasurer of property omitted from the roll for a former year, being unauthorized by law, is void." Cooley on Taxation (2 Ed.), p. 42, note 3; Hamilton v. Amsden, 88 Ind. 304.

BLAND, P. J.—The suit is grounded on what is commonly known as back taxbills. These bills are properly made out and certified and are, by virtue of a statute, prima facie evidence that the taxes sued for are due and unpaid, hence, if there was nothing more in the petition than a simple declaration of the bills themselves, plaintiff would have a prima facie case. But the petition goes behind the taxbills and states minutely and with great particularity each and every step taken by the officers of the city to produce and bring into existence the taxbills. From the petition it affirmatively appears that no assessment was made of any of the property in any of the years for which the taxbills were issued, but that the city assessor, after the death of Coney, discovered that Coney had fraudulently concealed the property for the purpose of avoiding its assessment. To defeat this fraudulent concealment the assessor took the assessor's books for the years 1893, 1894, 1895, 1896 and 1897, and entered therein a description of the omitted property as assessed to Coney, and on the basis of this so-called assessment the city clerk extended on the back-tax books of the city for each of said years the proper city taxes against the property and from these extensions made out the taxbills sued on. This was an attempt to make back assessments of personal property. The only authority for making back assessments of personal property is found in section 9199, Revised Statutes 1899, which provides that when "there has been a failure to assess the property in any county for any year or years, the assessor of said county for the time being shall assess the property for the year or years in which said failure shall have occurred." This provision of the statute applies only where there has been a total failure to make an assessment in the county for any year or years. It has no application to a back assessment of the personal property of a single taxpayer.

In Cape Girardeau v. Buehrmann, 148 Mo. 198, it was attempted to make a back assessment of personal property under an ordinance of the city authorizing this to be done. Without passing on the validity of the ordinance, the tax was declared void by the Supreme Court for the reason that the back assessment was on a lump valuation without describing the property assessed. In the opinion of the court it is said: "The general statutes of the State only permit this back assessment of real estate and they govern in the city as well as the county. R. S. 1899, sec. 1902."

The back assessments made in the case in hand sufficiently described the property assessed, but no ordinance of the city is pleaded authorizing the assessment to be made, and if it be conceded that the city has power to pass such an ordinance it has omitted to exercise it, and the authority of the assessor to make the assessment, if it exists, must be found in the statutes of the State. As we have seen, no such authority has been conferred by the Legislature. A tax is in no sense a debt and can only be collected in the manner pointed out by statute. City of Carondelet to use, etc., v. Picot, 38 Mo. 125; State v. St. Louis County Court, 13 Mo. App. 53.

There is, therefore, no such thing as an equity in a county or in a city that will authorize an assessor, after he has completed his assessment and turned over his books to the proper officer and after his assessment has passed the boards of equalization and of appeals, to repossess himself of the assessor's books and enter therein personal property, which by accident or intention was omitted from the list furnished by the taxpayer and which escaped the notice of the assessor. He can only proceed at the time and in the manner pointed out by statute and to justify his assessment he must be able to put his finger on the statute that gives him the authority to make it. Welty on Assessments, p. 36; Cooley on Taxation (2 Ed.), p. 42, note 3;

Hamilton v. Amsden, 88 Ind. 304; Whitney v. Thomas, 23 N. Y. 281. The assessment is the basis of the tax. Therefore, if the assesment is void it necessarily follows that the tax is likewise void. The State ex rel. Wyatt v. The Wabash R'y Co., 114 Mo. l. c. 11; State ex rel. v. Edwards, 136 Mo. 360; State ex rel. v. Thompson, 149 Mo. 441.

We think the demurrer was properly sustained for the reason that the petition showed on its face that the assessment and the tax sued for were both void. This view of the case makes it unnecessary to notice the other points raised by the demurrer and discussed in the briefs.

The judgment is affirmed. *Reyburn* and *Goode, JJ.*, concur.