THE STATE ex rel. WESTERN TIE & TIMBER COMPANY, Appellant, v. JOHN A. PULLIAM et al.

Division Two, March 7, 1911.

1. **TAXATION: Board of Equalization: Correcting Assessment.** The county board of equalization has power, at its meeting in September, to correct the assessment of property for taxes theretofore made by the assessor for the current year.

2. ————: ————: **Omitted Property.** Under the Act of 1903 (Laws 1903, p. 253) and Sec. 8546, R. S. 1899, the county board of equalization, at its meeting in September, can revise the

assessment books for the current year by adding omitted property for that year. But the board under that act, has no power, either at its September or annual meeting, to add property for other years omitted from the assessment books for such years.

3. ——: ——: ——: **Manufacturers.** Sec. 8546, R. S. 1899, applies to manufacturers, and it and Sec. 8486 give the county board of equalization, at its September meeting, power to correct assessments against manufacturers for the current year, or to add omitted property for that year.

4. ——: **Insufficient Description: Tram Railroad.** An assessment of a "tram railroad" without any statement whatever as to its character, location, length, equipment, construction or use, excepting that it is operated in connection with the business of manufacturing timber products by the designated owner, is insufficient to afford a proper basis for an assessment for taxation.

5. ——: ——: ——: **Tools, Etc.** A tram railway is not a "tool, machine or appliance" of a manufacturing business.

Appeal from Ripley Circuit Court.—*Hon. J. C. Sheppard,* Judge.

REVERSED AND REMANDED (*with directions*).

*John M. Atkinson* and *Block & Sullivan* for appellant.

(1) Without express statutory power, a board of equalization cannot add omitted property to the assessment roll. Railroad v. Cass Co., 53 Mo. 30; State ex rel. v. Cunningham, 153 Mo. 652. (2) No jurisdiction has been conferred on a county board of equalization over manufacturers' returns, quoad manufacturers. R. S. 1899, sec. 8546; Id., sec. 8486. (3) At its September sitting, the board has no power to add omitted property to the assessment returns. R. S. 1899, sec. 8546; Laws 1903, p. 253; R. S. 1899, sec. 9130. (4) The power to add property omitted conferred upon the board at its April sitting could not be exercised at the September sitting. St. Joe Lead Co. v. Simmons, 108 Mo. 222. (5) No power has been conferred

upon the board at any term to assess property omitted
in previous fiscal years.  R. S. 1899, sec. 8546; Laws
1903, p. 253; Cape Girardeau v. Buehrman, 148 Mo.
203; Hannibal v. Bowman, 98 Mo. App. 107.  (6) The
property assessed was real property.  R. S. 1899, sec.
9123.  And the attempted assessment is void for want
of a sufficient description.  Jefferson City v. Whipple,
71 Mo. 520; State ex rel. v. Railroad, 114 Mo. 5; State
ex rel. v. Sanford, 127 Mo. 372; State ex rel. v. Bur-
rough, 174 Mo. 706.

*Thomas F. Lane* for respondents.

(1) Respondents are the board of equalization
of Ripley county and had express statutory power to
assess the property mentioned in this record.  4 Mo.
Ann. Stat. 1906, sec. 9134; Laws 1903, p. 253.  As no
return of this property was made by appellant for the
years 1904 and 1905, they could have added it to the
assessment rolls under Sec. 9150, R. S. 1899.  State
ex rel. v. Baker, 170 Mo. 388.  The Legislature in pass-
ing the Act of 1903, intended to and did give the county
board of equalization plenary power on the question
of adding property to the assessment book or rolls.
(2) Appellant makes the specific objection that the
county board of equalization has no power or juris-
diction over manufacturers' returns, and cites Secs.
8546 and 8486, R. S. 1899.  The Act of 1903, supra,
does not mention any particular class of persons and
does not classify any particular kind of property, but
it says that the county board of equalization, in ad-
dition to the powers now conferred by law, shall have
authority to assess and equalize the value of any prop-
erty that may have been omitted from the as-
sessor's books then under consideration by said board.
It is broad enough to cover every character of prop-
erty and every class of persons whose property may
be taxable under the law. All property is taxable under

the laws of this State, except such as is specifically exempt. State ex rel. v. Free School, 162 Mo. 332. (3) Appellant further points out that no power has been conferred upon the board, at any time, to assess property omitted in previous fiscal years, and cites thereunder Sec. 8546, R. S. 1899, Laws 1903, p. 253, etc. Section 8546 relates to merchants' licenses, making and filing the affidavits, etc., as provided by said section, setting out the largest amount of goods, wares and merchandise that he may have on hand at any time between the first Monday of March and first Monday of June of the next preceding year. It seems that both this section and the Act of 1903, referred to, are practically silent on this specific question. I see nothing whatever to preclude the board from adding property of the previous years when it appears that it has been omitted from assessment and escaped taxation. (4) Appellant contends that the property assessed is real property. It appears from the record that the property is a tram railroad and used for the purpose of carrying on a manufacturing business by appellant. For the purposes of taxation, it is personal property. State ex rel. v. Dulle, 48 Mo. 282; State ex rel. v. Railroad, 103 Mo. 192.

FERRISS, J.—Appeal from a judgment of the circuit court of Ripley county, quashing a writ of certiorari theretofore issued by that court and directed to respondents, composing the county board of equalization of said county. The case arises upon the following facts:

Respondents, composing said board of equalization, met at the office of the county clerk of said county on the first Monday in September, 1905, and took an oath that they would "fairly and impartially adjust the merchants and manufacturers statement book of all the merchants and manufacturers within Ripley county, Missouri, as assessed by the county

assessor June 1st, 1905.'' Among other proceedings was the following:

"Added by the board of equalization: Western Tie & Timber Co., Naylor, Mo., for 1904, tram R. R., $12,000; Western Tie & Timber Co., Naylor, Mo., for 1905, tram R. R., $25,000.

"The board finds that the above named parties are operating in Ripley county, Missouri, in the manufacture of timber products, and that the Western Tie and Timber Co. is operating a tram railroad in connection with business, and that said parties are liable to taxation as manufacturers, and that the said Western Tie and Timber Co. has been operating as such during the years of 1904 and 1905; therefore it is ordered by the board that said parties be assessed upon the merchants and manufacturers tax book."

Thereafter, on the fourth Monday in September, 1905, the board met and reduced the said assessment on said tram railroad, for the year 1904, from $12,000 to $8000, and for the year 1905, from $25,000 to $12,000.

I. We are of the opinion that the board of equalization had power at the September session to correct the assessment for 1905 by adding thereto property which had been omitted.

Section 8546, Revised Statutes 1899, under which the board was acting, provides that at the meeting in September the board "shall have the same powers and shall proceed in the same manner as provided in article 1 of chapter 149, Revised Statutes 1899." Article 1 of chapter 149, referred to in section 8546, gave no power to the board to add omitted property. [State ex rel. v. Cunningham, 153 Mo. 652.] Consequently, there was nothing in such article 1 at that time which authorized the board to add omitted property.

It is claimed, however, that the enlarged powers given to the board by the Act of the Legislature passed in 1903 (Laws 1903, p. 253), authorized the board, at

its September session, to add the omitted property for 1905, the current year. The Act of 1903 was, in effect, an amendment to article 1, chapter 149, of the Revision of 1899, enlarging the powers of the board at the *annual meeting* so as to authorize the board to revise the. assessment books for the current year by adding omitted property for that year. Consequently, the board; at its September session, could exercise the enlarged powers granted by the amendatory act of 1903.

II.   We think that section 8546 applies to manufacturers, so far as the power of the board is concerned. The Manufacturers' License Act (R. S. 1899, sec. 8486) provides that manufacturers shall be licensed and taxed on "tools, machinery and appliances," in the same manner as is now or may be provided by law for the licensing and taxing of merchants.

III.   The attempted addition of property for 1904 was invalid for the reason that neither in the Act of 1903, nor elsewhere, is there power given to the board of equalization to add for assessment property omitted for any year prior to the then current year. The Act of 1903 provides that the board shall have power to "assess and equalize the value of any property that may have been omitted from the assessor's books *then under examination* by said board." This plainly refers to the books for the current year only, as they are the only ones "under examination by said board."

IV.   The return designates the property added by the board as a "tram railroad," without any statement whatever as to its character, location, length, equipment, construction or use, excepting that it is operated in connection with the business of manufacturing timber products. This description is insufficient

to afford a proper basis for assessment for taxation. [City of Jefferson v. Whipple, 71 Mo. 520; State ex rel. v. Railroad, 114 Mo. 5.]

V. We are unable to agree that a tram railroad, as designated and described, or, more accurately speaking, *not* described, is either a tool, a machine or an appliance of a manufacturing business. Reference to a dictionary will show that the term "tram railroad" has no settled, well-defined meaning, and is a term often applied to a street railroad, carrying passengers. In some places it is commonly used as the equivalent for the term "street railroad." It is also applied to a road-bed and cars for transporting coal and other freight. There are also overhead tramways. This record gives us no information on the subject.

For the foregoing reasons the judgment is reversed and the cause remanded, with directions to the circuit court to quash the return to the writ.

*Kennish, P. J.,* and *Brown, J.,* concur.