The Honorable Mary Lou Sallee State Representative, District 144 State Capitol Building Jefferson City, Missouri 65101
Dear Representative Sallee:
This opinion is in response to your question concerning the assessment of omitted tangible personal property and the county collector's duties under Section 301.025, RSMo. You pose the following question:
 Where tangible personal property has not been assessed or taxed in the previous year or years, can the assessor or other county officials place the property on the books in order to assess and tax for the omitted year or years?
In your opinion request you state:
 The Assessor of Douglas County has contacted me requesting guidance regarding the placement of tangible personal property on the tax rolls for past years where there has been a failure to assess the property in the previous year or years. A typical practice in many counties in Missouri is to add omitted personal property, usually motor vehicles, the following year when taxpayers are required to have a personal property tax receipt in order to renew the vehicle's license. However, the Douglas County Collector, relying upon an Attorney General opinion [Opinion No. 27, Evans, January 16, 1950], issues a waiver of no taxes due pursuant to [Section 301.025, RSMo] to taxpayers who have not paid the previous year's taxes. Due to various statutory changes since the 1950 opinion, there is some doubt as to that opinion's validity, also as it refers to [Section 137.280, RSMo].
It is our understanding that your inquiry is solely regarding assessment of omitted tangible personal property, and that the county which is the subject of your inquiry, Douglas County, is a third class county.
This office has issued numerous opinions regarding property assessment, including the matters about which you inquire. Many of these opinions date back to the 1930s, 1940s and 1950s, and matters relevant to your inquiry are scattered throughout the opinions. With this opinion, we will address the issues about which you inquire based upon the law as it now exists. It will be evident, however, that in many areas, there have been no changes in the law, for the wording of many of the relevant statutory provisions has remained the same, though now codified differently.
Assessment for a tax year (which coincides with a calendar year) begins on the first day of January of that year. §§137.075, 137.080.[1] Generally, for a person to be assessed and liable for taxes on tangible personal property for a tax year, he must own that property on the first day of January of that year. § 137.075. With exceptions not relevant to your inquiry, tangible personal property is to be assessed in the county in which the owner resides, regardless of where the property is located. § 137.090.
A county assessor has the annual duty of making a list of all real property and tangible personal property taxable in his county. § 137.115. A county assessor may mail out personal property assessment forms to aid in making his list. §137.115.2. A taxpayer, with certain exceptions, is to file his personal property assessment form with the county assessor between January 1 and March 1 of the tax year; if he fails to do so, he may be assessed a penalty. § 137.280. In addition to the personal property assessment forms submitted by taxpayers, a county assessor is to make use of a list provided annually by the Department of Revenue "showing the description of all motor vehicles, motor boats and trailers, registered with the department of revenue, the name and address of the owner or the name and address of the registered agent of a corporate owner, of all motor vehicles, motor boats and trailers having a personal property situs within the county." § 137.116.
From the forms and lists the county assessor receives and the information he otherwise obtains, he is to "make a complete list of all the real and tangible personal property taxable by his county to be called the assessor's book." § 137.210. The assessor's book is turned over to the county commission, §137.245, and the county clerk extends the taxes in the book, § 137.290. Once the taxes are extended, the book is known as the "tax book." § 137.290. The county clerk will turn the tax book over to the county collector, and the figures in the book serve as the basis for his collection of taxes. § 137.290. The duties previously discussed help to insure that all tangible personal property which is taxable in a county in a tax year is known by the county assessor during that tax year, so that it can be assessed in a timely fashion.
Your question, however, asks whether property which was not discovered during the tax year, and therefore not assessed during that tax year, can in a later year be assessed for a previous tax year. An example would be that on January 1, 1993, a resident of the county owned an automobile, but the automobile was not assessed during 1993 for the 1993 tax year. This information was learned by the relevant authorities in 1994. The question is whether in 1994, or later years, the automobile could be assessed for the 1993 tax year and the person thus would owe taxes on it for 1993.
"[U]nder our system of taxation there can be no lawful collection of a tax until there is a lawful assessment and there can be no lawful assessment except in the manner prescribed by law." State ex rel. Halferty v. Kansas City Power Light Co.,145 S.W.2d 116, 120 (Mo. 1940); accord State ex rel. JacksonCounty Library District v. Evans, 232 S.W.2d 386, 388 (Mo. 1950). There is no equitable authority to assess and tax property; express statutory authority must exist. State ex rel. Davis v.Walden, 60 S.W.2d 24, 26 (Mo. 1933); State ex rel. Ford Motor Co.v. Gehner, 27 S.W.2d 1, 3 (Mo. banc 1930); City of Hannibal exrel. Bassen v. Bowman, 71 S.W. 1122, 1123 (Mo.App. 1903); Missouri Attorney General Opinion No. 62, Mitchell, October 8, 1941, pp. 2-3 (copy enclosed).
The question of adding omitted tangible personal property has been addressed in various opinions of this office, including the opinion to which you refer in your request, Opinion No. 27, Evans, January 16, 1950, a copy of which is enclosed. In that opinion this office referenced Opinion No. 76, Robinson, June 25, 1945, a copy of which is also enclosed. In the Robinson opinion, it was discovered that some taxable property had not been assessed, and the questions were whether an assessment of the omitted property could be made, when the assessment could be made and by what assessor. This office considered whether the statutory provision which is now codified as Section 137.175
provided any authority to assess such omitted property. Section137.175 states in relevant part:
 137.175. Failure to assess taxable property — method of subsequent assessments.
— Whenever there has been a failure to assess the taxable property in any county for any year or years, the assessor of said county for the time being shall assess the property for the year or years in which said failure shall have occurred. . . .
The Robinson opinion noted the holding in Gehner, 27 S.W.2d at 5, regarding the statutory provision which is now codified as Section 137.175:
 This section covers the situation where the entire assessment for the county has been omitted for any year or the assessment sought to be made has been held void for some reason. The section has no application to the omission of assessable personal property from the return of an individual taxpayer.
Robinson opinion at pp. 2-3. This holding finds further support in Bowman, 71 S.W. at 1123, which held, regarding a predecessor to Section 137.175, "This provision of the statute applies only where there has been a total failure to make an assessment in the county for any year or years. It has no application to a back assessment of the personal property of a single taxpayer." We find no subsequent case law or statutory changes which would affect these holdings. Section 137.175 does not authorize the addition of omitted property in the situation about which you inquire.
The Robinson opinion addressed the authority to assess omitted real property as well as omitted personal property. Sections 137.160 and 137.165 authorize the assessment of omitted real property even if it is discovered years afterward. But those provisions, by their own language, apply to real property, not to tangible personal property. City of Cape Girardeau v. Buehrmann,49 S.W. 985, 987 (Mo. 1899); Robinson opinion at p. 8; Opinion No. 40, Hibbard, April 28, 1943, p. 3 (copy enclosed). Sections137.160 and 137.165 do not provide authority for an assessment of omitted tangible personal property.
At this point, we also want to address Section 137.265, which states:
 137.265. Assessment not illegal because of informality in making. — An assessment of property or charges for taxes thereon shall not be considered illegal on account of any informality in making the assessment, or in the tax lists, or on account of the assessment not being made or completed within the time required by law.
Regarding the nearly identically worded predecessor to this provision, it was stated, "This section does not give the assessor authority to make a given assessment, but, where he has such authority, mere subsequent informalities will not invalidate the assessment." Gehner, 27 S.W.2d at 5. Section 137.265 does not provide authority for an assessment of omitted tangible personal property.
Returning to the Evans and Robinson opinions, each stated that authority to assess omitted tangible personal property existed for county boards of equalization and the State Tax Commission. The authority for a county board of equalization to add omitted property is set forth in Section 138.070 as follows:
 138.070. Assessment of property omitted from assessor's books — notice — hearings. — 1. The county board of equalization, in regular session, shall have authority to assess and equalize the value of any property that may have been omitted from the assessor's books then under examination by said board, . . . . [Emphasis added].
* * *
This provision authorizes a county board of equalization to add omitted property "to the books for the current year only, as they are the only ones `[then] under examination by said board.'"State ex rel. Western Tie Timber Co. v. Pulliam, 135 S.W. 443,444 (Mo. 1911); Evans opinion at pp. 1-3; Robinson opinion at pp. 3-4; Opinion No. 20, Davis, April 9, 1935 (copy enclosed); Opinion No. 1, Adams, October 27, 1933 (copy enclosed). We find no subsequent case law or statutory amendments or enactments which would change the validity of this statement. Section138.070 does not authorize the assessment of omitted tangible personal property for prior years. Nor do we find any other statute which grants a county board of equalization the authority to assess omitted tangible personal property for prior years. Thus a county board of equalization cannot assess omitted tangible personal property for prior years.
The State Tax Commission's authority to assess omitted property is found in Sections 138.380, 138.460 and 138.470 as follows:
 138.380. Duties and powers of commission. — It shall be the duty of the state tax commission, and the commissioners shall have authority, to perform all duties enumerated in this section and such other duties as may be provided by law:
* * *
 (3) To cause to be placed upon the assessment rolls at any time during the year omitted property which may be discovered to have, for any reason, escaped assessment and taxation, and to correct any errors that may be found on the assessment rolls and to cause the proper entry to be made thereon;
* * *
 138.460. Inspection of assessment rolls — assessment of property omitted from rolls — notice given. — 1. After the various assessment rolls required to be made by law shall have been passed upon by the several boards of equalization and prior to the making and delivery of the tax rolls to the proper officers for collection of the taxes, the several assessment rolls shall be subject to inspection by the commission, or by any member a, r duly authorized agent or representative thereof.
 2. In case it shall appear to the commission
after such investigation, or be made to appear to said commission by written complaint of any taxpayer, who has previously appealed to the local board of equalization, that property subject to taxation has been omitted from said roll, or individual assessments have not been made in compliance with law, the said commission may issue an order directing the assessing officer whose assessments are to be reviewed to appear with his assessment roll and the sworn statements of the person or persons whose property or whose assessments are to be considered, at a time and place to be stated in said order, . . . . [Emphasis added].
* * *
 138.470. Hearing — correction of books — compensation of assessor — court review — commission assessment final. —
* * *
 2. As to the property not upon the assessment roll, the county clerk, upon order of the state tax commission, acting in said review, shall place the same upon said assessment roll by proper description and shall place thereafter in the proper column the value required by law for the assessment of said property. . . .
* * *
This office has stated that by the language in these provisions "the State Tax Commission has power to place on the assessment rolls omitted tangible personal property only for the year for which the Commission is reviewing such assessment rolls." Evans opinion at pp. 4-5. We find no subsequent case law or statutory amendments or enactments which would change the validity of this statement. Sections 138.380, 138.460 and 138.470 do not authorize the assessment of omitted tangible personal property for prior years. Nor do we find any other statute which grants the State Tax Commission the authority to assess omitted tangible personal property for prior years. Thus the State Tax Commission cannot assess omitted tangible personal property for prior years.
In your opinion request, you express concern that Section137.280 affects the authority, or lack thereof, to assess omitted tangible personal property for prior years. In looking at that provision, we think that the specific provision which most likely draws your attention is Section 137.280.3, which states:
 137.280. Failure to deliver list, penalty, exceptions, second notice by assessor required before penalty to apply. —
* * *
 3. It shall be the duty of the county commission and assessor to place on the assessment rolls for the year all personal property discovered in the calendar year which was taxable on January first of that year.
By the plain language of this provision, it imposes a duty upon county assessor and the county commission to place on the assessment rolls for a particular tax year (which coincides with the calendar year), all personal property assessable for that year which is discovered during that year. It does not authorize the placement of omitted tangible personal property on the assessment rolls for prior years.
We find no statute authorizing the placement on the assessment rolls of omitted tangible personal property for years prior to the one in which the assessable property is discovered. In the absence of such statutory authority, it cannot be done.
Your opinion request also inquires about a county collector's duties pursuant to Section 301.025.1, RSMo, as enacted by Conference Committee Substitute for House Committee Substitute for Senate Committee Substitute for Senate Bill No. 316, 89th General Assembly, First Regular Session (1997), which states:
 301.025. 1. No state registration license to operate any motor vehicle in this state shall be issued unless the application for license of a motor vehicle or trailer is accompanied by a tax receipt or a statement certified by the county or township collector of the county or township in which the applicant's property was assessed showing that the state and county tangible personal property taxes for the preceding year have been paid by the applicant or that no such taxes were due or, if the applicant is not a resident of this state and serving in the armed forces of the United States, the application is accompanied by a leave and earnings statement from such person verifying such status. Every county and township collector shall give each person a tax receipt or a certified statement of tangible personal property taxes paid. . . . Where no such taxes are due each such collector shall, upon request, certify such fact and transmit such statement to the person making the request. Each receipt or statement shall describe by type the total number of motor vehicles on which personal property taxes were paid, and no renewal of any state registration license shall be issued to any person for a number greater than that shown on his tax receipt or statement except for a vehicle which was purchased without another vehicle being traded therefor, or for a vehicle previously registered in another state, provided the application for title or other evidence shows that the date the vehicle was purchased or was first registered in this state was such that no personal property tax was owed on said vehicle as of the date of the last tax receipt or certified statement prior to the renewal. The director of revenue shall make necessary rules and regulations for the enforcement of this section, and shall design all necessary forms. [Emphasis added].
* * *
In Opinion No. 21, Dale, June 30, 1952, a copy of which is enclosed, this office rendered an opinion regarding the statutory enactment now codified as Section 301.025. The question asked what the county collector was required to do under this section for a person who was a resident of the county and who owned an automobile on January 1 of the tax year, but who was not assessed for and did not pay taxes on that automobile. The office stated that under the facts presented, the collector was to issue to that person a certified statement that no taxes were due. Thus, pursuant to Section 301.025, if tangible personal property was assessable by a county for a certain tax year, but was not assessed during that tax year, the county collector, upon request, is to certify that no taxes were due for that tax year and send that statement to the person making the request.
CONCLUSION
It is the opinion of this office that with regard to a third class county 1) where tangible personal property has not been assessed or taxed in the previous year or years, there is no authority for the assessor or other county officials to place the property on the books in order to assess and tax for the omitted year or years, and 2) pursuant to Section 301.025, RSMo, as amended by Conference Committee Substitute for House Committee Substitute for Senate Committee Substitute for Senate Bill No. 316, 89th General Assembly, First Regular Session (1997), if tangible personal property was assessable by a county for a certain tax year, but was not assessed during that tax year, the county collector, upon request, is to certify that no taxes were due for that tax year and send that statement to the person making the request.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
Enclosures
[1] Unless otherwise indicated, all statutory references are to the 1994 Revised Statutes of Missouri.