STATE OF MISSOURI, at the Relation and to the Use of WILLIS W. BENSON, Collector of Revenue of St. Louis County, Missouri, (Plaintiff) Respondent, v. UNION ELECTRIC COMPANY OF MISSOURI, a Corporation, (Defendant) Appellant, No. 41017—220 S. W. (2d) 1.

Court en Banc, May 9, 1949.

36

*Robert J. Keefe, William H. Ferrell* and *Igoe, Carroll, Keefe & Coburn* for appellant.

*Arthur U. Simmons, Edwin Rader, Simmons & Rader, Philip A. Maxeiner* and *Lewis, Rice, Tucker, Allen & Chubb* for respondent.

*Will H. Hargus* and *C. E. Groh* for Cass County Library District, *amicus curiae.*

*Bradley & Noble, John W. Noble* and *Lawrence L. Bradley* for Dunklin County Library District, *amicus curiae.*

BARRETT, C.—This is a suit by the Collector of St. Louis County to recover a tax of $18,956.08 levied on the Union Electric Company's distributable property for the benefit of the St. Louis County Library District. The Library District was established and a one mill tax was levied for its support by a vote of the people in the district. Const. Mo. 1945, Art. X., Sec. 11; Mo. R. S. A., Secs. 14767-14776. The district includes all of St. Louis County except the cities of Brentwood, Clayton, Ferguson, Kirkwood, Maplewood, Richmond Heights, University City, Valley Park and Webster Groves, each of which maintains a public library supported, at least in part, by public taxation. Mo. R. S. A., Sec. 14771.

As required by law (Mo. R. S. A., Sec. 11295, 11280.1-11280.36) the Union Electric Company made a return of its distributable property (poles, wire and trench) to the State Tax Commission. The Clerk of the County Court of St. Louis County, and presumably the county clerks of all other counties in which there was distributable property owned by the appellant, certified the correctness of the return to the State Tax Commission. The State Tax Commission in turn certified to the St. Louis County Court its assessment and allocation of the Company's distributable property taxable in the county, $20,294,172. The Commission also set forth and certified the portion of the Company's distributable property allocable for tax purposes to each of the cities and sewer districts in the county but it did not make an allocation to the St. Louis Library District. The County Court then levied the voted one mill library tax upon $16,397,988 of the allocated distributable property certified to the county. The county arrived at the valuation subject to the tax by subtracting $3,896,184 (the total amount the commission had allocated to the nine cities in St. Louis County) from $20,294,172 (the total amount allocated to the entire county),—the Library District consisting of all the county except the nine cities.

Upon the stipulated facts the trial court found the tax valid and entered judgment in favor of the collector for the tax and penalties. The Union Electric Company contends here, as it did in the trial court, that the tax is not authorized by the applicable statutes, or by law,

and is therefore invalid. Taxes on the distributable property of an electric company are levied and collected in the same manner that railroad property is taxed (Mo. R. S. A., Sec. 11295; Laws Mo. 1945, p. 1852) and it is argued, since that statute (Mo. R. S. A., Secs. 11280.1-11280.36; Laws Mo. 1945, p. 1825) does not specifically authorize the levy of a library tax, that no such tax is authorized.

[3] At the outset and to get to the crux of the problem certain subsidiary questions may be disposed of. It is contended that Section 11280.16 is the only section of any statute which authorizes the levy of taxes on distributable property and since that section does not include or authorize a levy for library purposes there is no authority for the tax. It may be conceded that the section does not in terms include a library district or a tax for library purposes. Furthermore, it would strain language to find that the tax is authorized as one for ''school purposes'' as that term is employed in the section. Neither do we think that authority for the tax may be found in the words ''and for other purposes'' as used in that section. And the contention that it can be is not aided by the statute's own priceless definition, ''Whenever and wherever the words 'and for other purposes' occur in this article, they shall be held to mean taxes or taxation for other purposes, . . .'' Mo. R. S. A., Sec. 11280.24. This court has previously held ''that the words 'and for other purposes,' used in connection with the authority to tax for the erection of public buildings, etc., have reference only to taxation for school purposes.'' State ex rel. Halferty v. Kansas City P. & L. Co., 346 Mo. 1069, 1077, 145 S. W. (2) 116, 120. But, as we shall subsequently attempt to demonstrate, we do not believe that Section 11280.16 is preclusive. If it is preclusive that would settle the question.

It is well to now note that the objection in the Halferty case was not to the authority to levy the tax, as it is here. There the objection was to the State Tax Commission's authority to assess and apportion the electric company's distributable property for a public water supply district and not to the authority of the county to levy the tax. The statutes, however construed, did not provide a method for the Commission's assessment and apportionment of the Company's distributable property for public water supply districts and it was held therefore that there could not be a valid tax for such districts. So, in this case, if there is no authority to assess the appellant's property, there can be no valid tax. The section dealing with the Commission's authority to apportion the tax to the counties and other political subdivisions (Mo. R. S. A., Sec. 11280.11) does not mention library districts but there is no objection upon this appeal to the Commission's authority to assess the appellant's property or to its apportionment. The Commission did not apportion the appellant's distributable property to the library district, but again, as we shall subsequently attempt to demonstrate, the property was lawfully and properly assessed in

this instance. However, the objection here is to the county's power to levy the tax. Admittedly, there can be no lawful collection of a tax on the distributable property of a utility until there has been a lawful assessment in the manner prescribed by law and a levy by the county on the apportioned valuation for the various political subdivisions as the statutes authorize and provide. State ex rel. Halferty v. Kansas City P. & L. Co., supra. But the Halferty case does not hold that there can be no tax on the distributable property of an electric company or a railroad unless such a tax and the political subdivision levying it is specifically and in terms named and authorized in Sections 11295 or 11280.1-11280.36.

It may also be noted, as the appellant points out, that tax statutes are to be strictly construed and that the court may not, under the guise of construction, supply authority which the General Assembly has not provided. State ex rel. Ford Motor Co. v. Gehner, 325 Mo. 24, 27 S. W. (2) 1. Nevertheless, if from a reasonable construction of the patchwork of all the tax statutes relating to the subjects of library districts and taxes on distributable property authority for the tax can be found, force and meaning must be given the legislative enactments. State ex rel. Union Electric L. & P. Co. v. Baker, 316 Mo. 853, 859, 293 S. W. 399, 401.

In the first place, all property, except such as is specifically exempted by the Constitution and the statutes enacted pursuant thereto, is subject to taxation. State ex rel. Ziegenhein v. Mission Free School, 162 Mo. 332, 337, 62 S. W. 998, 999; 2 Cooley, Taxation, Secs. 550-551. "It is the well-settled policy of our law that taxes shall be levied and collected for public purposes on all property within the territorial [4] jurisdiction of the State, except that expressly enumerated as exempt" even though all such property must be subjected to the various specific taxes by law. State ex rel. Union Electric L. & P. Co. v. Baker, supra. In that case it was specifically held, as the statutes then and now plainly provide, that all the property of the Union Electric Light and Power Company, including all its distributable property, had been designated for and subjected to taxation, and, that there were no exemptions,—" and all property, real and tangible personal, owned by . . . electric power and light companies, . . . shall be subject to taxation for state, county, municipal and other local purposes to the same extent as the property of private persons." Mo. R. S. A., Secs. 11295, 11280.1. The mere fact that distributable property, unlike the ordinary property of private persons, is assessed and apportioned by the State Tax Commission does not mean that such property is withdrawn from the county's taxing power.

For the purposes of this case it is tacitly conceded that the library district was lawfully organized and established as a political subdivision. The district consists of all of St. Louis County except the

nine cities. The General Asembly has been specifically empowered to authorize counties and other appropriate political subdivisions to levy taxes for libraries on all property subject to their taxing power. "Taxes may be levied by counties and other political subdivisions *on all property subject to their taxing power,* . . . and provided further, that any county or other political subdivision, when authorized by law and within the limits fixed by law, may levy a rate of taxation on all property subject to its taxing powers in excess of the rates herein limited, for library, . . . purposes." Const. Mo., Art. 10, Sec. 11. The General Assembly has exercised the granted power and authorized counties and the appropriate political subdivisions to levy taxes on all property subject to its taxing power for libraries. "Any county, or other political subdivision otherwise authorized by law to support and conduct a library may levy for library purposes in addition to the limits prescribed in Section 11, Article X of the Constitution a rate of taxation *on all property subject to its taxing powers* in an amount as now or hereafter prescribed by law; . . ." Mo. R. S. A., Sec. 11047.1; Laws Mo. 1945, p. 1837. So, in the second place, all the appellant's property, including its distributable property, is subject to the county's taxing power and the tax is authorized for library purposes. If the tax was not authorized by these provisions it was certainly authorized in unambiguous language by the statutes governing County Library Districts under which the respondent district was established. When the election was held two propositions were voted upon, the establishment of the district and a tax for its support. Mo. R. S. A., Sec. 14767. The appellant, as we have said, does not question the validity of the election, the establishment of the district or, as we understand it, the fact of the district's lawfully voting the tax but insists, because the tax levy and the district are not specifically mentioned in the statutes relating to distributable property, that the tax is unauthorized and is therefore illegal.

However, in our view, the tax is plainly within the provisions of those statutes. After the election is held establishing the district and voting the tax *"the tax* specified in such notice *shall,* . . . *be levied and collected,* from year to year, *in like* manner with other taxes in the rural school districts of said county." Mo. R. S. A., Sec. 14767. The library tax being levied and collected in the manner that taxes relating to school districts are levied and collected, the question arises; how are taxes on distributable property assessed, levied and collected for school districts? In the first place the State Tax Commission does not assess and apportion the aggregate value of distributable property to school districts. The Commission apportions the aggregate value of all the distributable property to the county and to certain other specified political subdivisions and purposes "except school districts." Mo. R. S. A., Sec. 11280.11. And in this

case the Commission did apportion, as we have set forth and as the appellant has stipulated, the aggregate value [5] of all such taxable distributable property in St. Louis County, $20,294,127, and separately the aggregate value of all such property in the nine cities, $3,896,184. Since the Library District consists of all of St. Louis County except the nine cities the correct sum apportionable to the district was a simple matter of computation, and there can be no claim that the computation is in anywise erroneous.

As a matter of fact, it was once sought to compel the Commission to assess and apportion distributable property to a school district but this court, after carefully analyzing all these statutes and precisely pointing our how such taxes were to be assessed and levied, held that the Commission had no authority to apportion distributable property to a school district. State ex rel. School Dist. of K. C. v. Waddill, 330 Mo. 1118, 52 S. W. (2) 476. Obviously, it was intended that library taxes on distributable property should be assessed, apportioned and taxed in the same manner that school taxes are treated even though the tax itself is not a tax for ''school purposes.'' The County Court, after the aggregate valuation of such property has been certified to the county, ''shall, . . . ascertain and levy the taxes for . . . school purposes.'' Mo. R. S. A., Sec. 11280.16. ''For the purpose of levying school taxes'' on distributable property the county court ascertains the average rate of taxation for school purposes in all the districts of the county and through its clerk apportions ''the said taxes for school purposes'' proportionately to the enumeration returns of the several districts. Mo. R. S. A., Sec. 11280.17. The method and manner of assessing, apportioning and levying school taxes on distributable property is carefully set forth in the Waddill case and it is not necessary to repeat it here; it is sufficient to note that it has stood the test of nineteen years. The statutes relating to the taxation of distributable property do not mention library districts or taxes for library purposes but when all the appropriate statutes are considered and construed, all the provisions relating to libraries as well as those relating to distributable property, they plainly provide for the assessment, apportionment and levy of a library tax on the distributable property of an electric company which is to ''be levied and collected, . . . in like manner with other taxes in the rural school districts of said county.'' Mo. R. S. A., Sec. 14767.

The appellant contends, however, that this cannot be because the procedure by which school taxes are levied and assessed by the counties was not in fact followed and could not, constitutionally, be made to apply to taxes for the benefit of a library district. School taxes are levied at an average rate, as has been indicated, and since, in this case, no rates were added and no sums divided, it is said that the school procedure was not applied. But there was but one

44

library district in St. Louis County. The library district involved here consists of the entire county except the nine cities and the average rate of taxation for that purpose could only be the one and only library tax and sum levied. The force and effect of there being more than one library district in a single county or in two counties and what the situation would be in that event is not involved here. It is said that use of the county valuation would be unconstitutional in that the tax "would be imposed on a value greater than that properly allocable to the smaller library district—the district to be benefited." It is not pointed out why and how this is true and no constitutional question was raised or is involved upon this appeal. But as a matter of statutory construction it would seem that the answer lies in the fact, again, that this library district consists of all of St. Louis County except the nine towns and that the valuation properly apportionable to the district is all of the appellant's distributable property in the county except that allocated by the Commission to the nine cities. In this we are unable to see that the tax is thereby "imposed on a value greater than that properly allocable to the smaller library district—the district to be benefited," or how it would infringe any constitutional provision or right.

It is our conclusion, in answer to the substantial issue involved upon this appeal, that the challenged tax is one authorized ■ by law. Accordingly, the judgment is affirmed.

PER CURIAM:—The foregoing opinion by Barrett, C., is adopted as the opinion of the Court en Banc. All concur.