STATE OF MISSOURI, at the Relation of JACKSON COUNTY LIBRARY DISTRICT, Respondent, v. CLARENCE EVANS, CHARLES A. MILLER, and JESSIE A. MITCHELL, Constituting the MISSOURI TAX COMMISSION, Appellants, No. 41623—232 S. W. (2d) 386.

Division Two, September 11, 1950.

*J. E. Taylor*, Attorney General, and *Will F. Berry, Jr.*, Assistant Attorney General, for appellants.

*John S. Newhouse* and *Rufus Burrus* for respondent.

1054

■ WESTHUES, C.—Plaintiff, the Jackson County Library District, filed this, a mandamus suit, in the Circuit Court of Cole County, Missouri, against the State Tax Commission seeking to compel the Commission to (1) make an assessment of all distributable property subject to the jurisdiction of the State Tax Commission of public utilities for the years 1946, 1947, 1948; (2) apportion the aggregate value of such property to the Library District separately for each of said years; (3) certify to the County Court of Jackson County the apportionment of said property to the Library District separately for each of said years. ·The trial court, after a hearing, issued a writ of mandamus as prayed for and the State Tax Commission appealed.

The only question for decision is whether the State Tax Commission is vested with authority and has the duty to make a separate apportionment of property of public utilities within the library districts so that it may be subjected to a levy made by the county courts for library purposes. The statutes involved are Article 14 of Chapter 74 R. S. A., Laws 1945, pp. 1825 and 1953, and 'Sec. 11295 R. S. A., Laws 1945, p. 1853.

The above sections of the statutes require every public utility to file with the State Tax Commission a statement of all property owned by such utility in each county, municipal township, incorporated city, town or village. The State Tax Commission by Sec. 11280.11 R. S. A., Sec. 12, Laws 1945, p. 1953, is required to apportion the value of all property owned by a utility "to each county, municipal township, city or incorporated town, special road districts, public water supply, fire protection and sewer districts or subdivision, except school districts" in which such property is located. Sec. 11280.6 R. S. A., Sec. 7, Laws 1945, p. 1827, requires the State Tax Commission to make an assessment. The Jackson County Library District was organized under Article 6, Chapter 110, R. S. A. A tax may be levied for library purposes by virtue of Sec. 11 of Article X, Constitution of Missouri, 1945. Sec. 14767 of Article 6, supra, provides that the tax for library purposes shall "be levied and collected, from year to year, in like manner with other taxes in the rural school districts of said county."

· The plaintiff Library District briefed the question of whether the property of public utilities located in library districts was subject to a tax for library purposes. The State Tax Commission has not briefed this point. That question was definitely settled by this court en banc in the case of State ex rel. Benson v. Union Electric Co., 359 Mo. 35, 220 S. W. (2d) 1, where it was held that such property was liable for taxes for library purposes even though not mentioned in Sec. 11280.16 R. S. A. See 220 S. W. (2d) l. c. 3, 4(1) (5-7).

The respondent Library District relies upon Sec. 11280.11, supra, as imposing a duty upon the State Tax Commission to make an

apportionment to library districts of public utility property. In State ex rel. Halferty v. Kansas City Power and Light Co., 346 Mo. 1069, 145 S. W. (2d) 116, this court held that under the statute then in force the State Tax Commission had no authority to make such an apportionment or assessment in favor of a public water supply district. Subsequently, the Legislature amended Sec. 11253 (See Laws 1941, p. 696, and Laws 1945, p. 1953, Sec. 12), by adding thereto "special road districts, public water supply, fire protection and sewer districts or subdivision, except school districts." The provision of Sec. 11253, supra, will now be found in Sec. 12, Laws 1945, p. 1953, and in Sec. 11280.11 R. S. A., supra.

It is urged that the Legislature intended to include in the above section all public subdivisions such as library districts; that such intention is indicated by expressly excepting school districts. It is also urged that the words "or subdivision" include library districts. On the other hand the State Tax Commission urges that it has no jurisdiction to make an apportionment separately in favor of library districts because the law applicable to library districts, that is Sec. 14767, supra, provides that the tax in such districts shall "be levied and collected, from year to year, in like manner with other taxes in the rural school districts of said county." The State Tax Commission has the duty and authority to apportion and assess property as the statute directs. In no case has it been given the power to levy and collect taxes. However, we are not convinced that the State Tax Commission under the present law has the authority to make a separate apportionment of property for the benefit of library districts. The words in the statute, Sec. 11280.11, "or subdivision" refer to any specifically mentioned in the section so that the section includes any special road, public water supply, fire protection and sewer districts or subdivision. In State ex rel. Halferty v. Kansas City Power and Light Co., supra, this court held that the State Tax Commission possesses only such authority as is expressly conferred by statute. It was also held that there must be a valid assessment to support a levy for taxes. We are supported in this view by the opinion in State ex rel. Benson v. Union Electric Co., supra. We sustained the tax in that case. The State Tax Commission did not make any apportionment to the library district in that case. By virtue of the peculiar facts in the Benson case, the St. Louis County Court was able to ascertain the value of the public utility property located within the library district. After doing so, the court levied a tax for the benefit of the library district. See 220 S. W. (2d) l. c. 5(9). In the course of the opinion this court there said: "Obviously, it was intended that library taxes on distributable property should be assessed, apportioned and taxed in the same manner that school taxes are treated even though the tax itself is not a tax for 'school purposes.' * * *

The statutes relating to the taxation of distributable property do not mention library districts or taxes for library purposes but when all the appropriate statutes are considered and construed, all the provisions relating to libraries as well as those relating to distributable property, they plainly provide for the assessment, apportionment and levy of a library tax on the distributable property of an electric company which is to 'be levied and collected, * * * in like manner with other taxes in the rural school districts of said county.' Mo. R. S. A., Sec. 14767.'' The question now before us was not presented in that case. However, in the Benson case this court at least indirectly decided that the State Tax Commission did not under the present law have the authority to make a separate apportionment for the benefit of library districts. We held that the procedure followed in the Benson case was proper.

The Library District says that if the State Tax Commission is without authority in this case then the properties of the utilities are exempted from the payment of the library tax. Such would not be the result. The opinion in the Benson case, supra, settled that point. The properties of utilities located within library districts are subject to the library tax. The Library District in this case may need remedial legislation so as to enable the county court to ascertain the value of property owned by the various utilities in the district so that a levy for taxes may be made. It is suggested in the brief of the Library District that the Library District covers all parts of Jackson County not within the Kansas City School District and, therefore, the County Court of Jackson County cannot ascertain the value of the properties of utilities. It is not the province of the courts to legislate but to decide questions of law presented for decision. When this case was decided by the trial court, the opinion in the Benson case, supra, had not been adopted and, therefore, the trial court could not have had the benefit thereof.

We rule that the trial court was in error when it issued its writ of mandamus and the judgment of the trial court is hereby reversed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by Westhues, C., is adopted as the opinion of the court. All the judges concur.