WIETHOP TRUCK SALES, INC., et al., Respondents,

v.

James R. SPRADLING, Director of Revenue, Appellant.

No. 59211.

Supreme Court of Missouri, Division No. 1.

July 12, 1976.

John C. Danforth, Atty. Gen., Clarence Thomas, Asst. Atty. Gen., for appellant.

Joseph J. Russell, Limbaugh, Limbaugh & Russell, Walter S. Drusch, Jr., Spradling, Drusch & Dillard, Cape Girardeau, for respondents.

DONNELLY, Judge.

Respondents are in the business of selling trucks and truck trailers to be used for freight hauling. Respondent Wiethop Truck Sales, Inc. has its business in Cape Girardeau. Respondent Harris Truck and Trailer Sales, Inc. has places of business in both Cape Girardeau and Joplin. Both

cities have adopted a 1% city sales tax pursuant to §§ 94.500–94.570, RSMo 1969.

The Department of Revenue assessed additional Cape Girardeau city sales taxes against Wiethop for $3,079.91, plus interest of $482.92, for a total assessment of $3,562.83 on sales of truck trailers. An additional assessment was made against Harris for Cape Girardeau city sales tax of $21,854.39, plus penalty of $2,185.44 and interest of $2,352.60, and Joplin city sales tax of $1,275.50 with a penalty of $127.55 and interest of $128.52, for a total assessment of $27,924.00, on sales of truck trailers.

Respondents filed petitions for reassessment. Appellant held that the assessments were correct. Respondents then filed a joint petition for review in the Circuit Court of Cape Girardeau County. The Circuit Court reversed the administrative decision and held that Respondents did not have a duty to collect or pay city sales tax on truck trailer sales. An appeal was then taken to this Court. We have jurisdiction because the case involves construction of the revenue laws of this state. Mo.Const., Art. V, § 3.

The question presented is whether Respondents are required to collect city sales tax on truck trailers which they sell.

We make the following preliminary observations:

(1) Section 94.510, RSMo 1969, a part of the City Sales Tax Act (§§ 94.500–94.570, RSMo 1969), authorizes incorporated cities, towns or villages with a population of five hundred or more to impose a sales tax "on the receipts from the sale at retail of all tangible personal property * * * within any city adopting such tax * * *."

(2) Section 94.540, RSMo 1969, provides generally that "all retail sales shall be deemed to be consummated at the place of business of the retailer * * *."

(3) Section 94.540, supra, also provides that "[a]ll applicable provisions contained in sections 144.010 to 144.510, RSMo, governing the state sales tax shall apply to the collection of the tax imposed by sections 94.500 to 94.570, except as modified in sections 94.500 to 94.570 * * *."

(4) Section 144.070, RSMo 1969, provides that the collection of Missouri sales tax on sales of "any new or used motor vehicle or trailer" shall be made by the state Director of Revenue at the time of application for an official certificate of title and registration.

■ We conclude from the above that § 144.070, supra, is incorporated by reference into the City Sales Tax Act and that the collection of a city sales tax on the sale of "any new or used motor vehicle or trailer" shall be made by the Director of Revenue, *except* as modified by the City Sales Tax Act.

Appellant contends § 94.560, RSMo 1969, modifies § 144.070, supra, and imposes on the seller the duty of collection of a city sales tax on the sale of any new or used trailer. Section 94.560, supra, reads as follows:

"City sales taxes imposed pursuant to sections 94.500 to 94.570 on the purchase and sale of motor vehicles shall not be collected and remitted by the seller, but shall be collected by the director of revenue at the time application is made for a certificate of title, if the address of the applicant is within a city imposing a city sales tax. The amounts so collected shall be deposited in the city sales tax trust fund to the credit of the proper cities less the two percent collection cost."

Appellant concedes that the incorporation of § 144.070 by reference into the City Sales Tax Act, *without more*, would require the purchaser of a motor vehicle or trailer to pay the city sales tax imposed on the purchase to the Director of Revenue. He asserts, however, that since § 94.560 only mentions motor vehicles, "it must necessarily exclude other tangible personal property under the doctrine of 'expressio unius est exclusio alterius.'"

■ We decline to apply the "doctrine" in this case. The statutes in question here

are taxing statutes and it is well established that such statutes must be strictly construed in favor of the taxpayer and against the taxing authority. *State ex rel. Ford Motor Co. v. Gehner,* 325 Mo. 24, 29, 27 S.W.2d 1, 3 (banc 1930). In our opinion, § 94.560, supra, does not, either expressly or by plain implication, *modify* § 144.070, supra, so as to shift the burden of collecting city sales taxes on trailers from the Director of Revenue to sellers of trailers. Appellant's assertion is without merit.

Appellant also asserts that if "§ 144.070 is to stand unchanged, then § 94.560 is meaningless tautology." We do not agree. The words "if the address of the applicant is within a city imposing a city sales tax" constitute purposeful language in § 94.560. Respondents suggest the effect of this language is that if a buyer of a motor vehicle "happens to reside in a Missouri city which does not impose city sales tax, no city sales tax is due," and if a buyer of a motor vehicle "happens to reside in a Missouri city which does impose a city sales tax, the tax of that city is due."

Respondents' interpretation may, or may not, be appropriate. The effect of the words "if the address of the applicant is within a city imposing a city sales tax" is not an issue on this appeal. We need not, and will not, undertake to interpret this language at this time. It is enough to recognize that it is meaningful language.

The judgment is affirmed.

All concur.