**Gerald GOLDBERG, Director of Revenue, State of Missouri, Petitioner,**

v.

**ADMINISTRATIVE HEARING COMMISSION of MISSOURI, Michael C. Horn, Commissioner, and Armco, Inc., Respondents.**

No. 61649.

Supreme Court of Missouri, En Banc.

Nov. 12, 1980.

Rehearing Denied Dec. 15, 1980.

John Ashcroft, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for petitioner.

W. H. Bates and William K. Waugh, III, Kansas City, for respondents.

WELLIVER, Justice.

This is a petition for review from a final decision of the Administrative Hearing Commission (hereinafter referred to as the "Commission") which set aside the director of revenue's (hereinafter referred to as "petitioner") assessment of an addition to tax for Armco, Inc.'s (hereinafter referred to as "respondent") late filing of its return and payment of withheld income taxes. Such a decision is reviewable by the court of appeals or this Court under § 161.-337, RSMo 1978.[1] In this instance, jurisdiction is in this Court under Mo.Const. art. V, § 3, because resolution of this case requires construction and not application of a revenue law. *City of Willow Springs v. Missouri State Librarian*, 596 S.W.2d 441, 442 (Mo. banc 1980). We hold that under § 143.-751(3), the deficiency must be due to negligence or intentional disregard of rules and regulations before petitioner may assess five percent of the deficiency as a penalty or addition to the tax. We affirm the decision of the Administrative Hearing Commission.

The cause was submitted upon a stipulation of facts. As required by § 143.-191–.261, respondent withheld income taxes in the amount of $177,547.84 from the October 1977 wages of its employees. After claiming the compensation deduction of $887.74 allowed under § 143.261, for collection and timely remittance of the tax, respondent mailed petitioner the sum of $176,660.10.

Under § 143.221, respondent was required to remit the tax to petitioner by the fifteenth day of November, 1977. Section 143.851, and petitioner's regulation 12 CSR 10–2.055(8)(E) provide that filing is timely if the return is properly addressed, stamped and posted in the United States mail on or before the due date.

Petitioner received respondent's return and payment in an envelope postmarked November 18, 1977, three days after the due date. On December 20, 1977, petitioner mailed to respondent a "Missouri Withholding Tax Notice of Adjustment", in which petitioner denied respondent the compensation deduction and assessed interest in the amount of $93.87. Petitioner also assessed a five percent addition to tax in the amount of $8,877.39. No statutory authorization for petitioner's actions was cited in the first notice of adjustment.

On December 28, 1977, respondent wrote petitioner asking for a clarification of petitioner's actions, and advised petitioner that the return was mailed on November 15, 1977. On March 3, 1978, petitioner mailed respondent a photostatic copy of the envelope in which the return and payment was received showing November 18, 1977, as the postmark date. Petitioner informed respondent by letter that,

> In accordance with Sections 143.261, 143.-731 [2] and 143.741, RSMo 1972, and supplement thereto, all delinquent withholding returns are subject to a five percent (5%) per month not to exceed twenty–five percent (25%) addition to tax, one–half percent (½%) per month interest charge, and loss of the timely filing compensation.

Stipulation of Facts, Exhibit G. On March 22, 1978, in response to another inquiry by respondent, petitioner (then Director of Revenue Gerald Goldberg) wrote respondent as follows:

> On the issue of additions to tax, there are two provisions which have potential

---

1. Unless otherwise indicated, all statutory citations are to RSMo 1978.

2. Section 143.261, permits a deduction for timely remittance by withholding employers. Section 143.731, assesses an interest charge against non–paying or late–paying taxpayers.

applicability (Sections 143.741.1 and 143.-751.3). Although the first provision (Section 143.741.1) will not apply upon a showing of reasonable cause, the second provision (Section 14.751.3) (sic) does not appear to have any exculpatory standard built into its language and seems to apply even though reasonable cause exists. Because of the interplay of these two sections, it has been the policy to impose a five percent (5%) addition to tax in all cases of delinquency and to withhold imposing the additional twenty percent (20%) addition to tax when there is a showing of reasonable cause or excusable neglect. While the five percent (5%) addition to tax may seem unreasonable, unduly harsh and unrealistic when it results in an increased liability of $8,877.39 for being three days late, we do not read the statutes as permitting any exercise of discretion on those grounds.

Stipulation of Facts, Exhibit I.

On July 5, 1978, petitioner issued a "Final Notice of Deficiency".[3] On August 31, 1978, respondent filed with petitioner a "Petition for Abatement of Missouri Income Tax", in which respondent protested assessment of the addition to tax and requested a hearing. On November 29, 1978, petitioner issued "Findings of Fact upon Reconsideration". Citing only § 143.741, petitioner concluded that respondent's late filing was not due to reasonable cause and held that the final "notices" of deficiency were correct. Respondent thereafter appealed to the Commission under § 161.273.

The facts presented to the Commission indicated that on an annual basis respondent's outgoing mail averages 30,000 pieces per day. During the week of November 14, 1977, the actual daily volume exceeded 34,-500 pieces. Specific procedures are followed in the preparation and mailing of the 1200 payroll tax returns which respondent prepares annually and those procedures were followed in the mailing of this return. In 1977 alone, respondent had processed 3,771 of these filings and in a ten year period over 30,000. In only a few instances had timeliness of filing ever been questioned and in no instance had a penalty ever been assessed.

There is no dispute that this return was placed in the payment and mailing process in time to have been postmarked on November 15, in the usual and customary course of events. The Commission found that under these circumstances respondent had exercised ordinary business care and prudence in the preparation and mailing of its return and payment, and that in the normal course of events the return and payment would have been in the mail and postmarked November 15, 1977. The Commission held that § 143.751(3) requires that failure to file the return must be due to lack of reasonable cause, and the delinquency due to negligence or intentional disregard of rules and regulations, before petitioner may impose the five percent addition to tax. Petitioner then sought review in this Court under § 161.337.

Section 143.741(1), relating to failure to file returns provides:

In case of failure to file any return required under sections 143.011 to 143.996 on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return five percent of the amount of such tax if the failure is not for more than one month ..., [and five percent for each additional month not to exceed twenty–five percent total].

Section 143.751, provides:

1. If any part of a deficiency is due to negligence or intentional disregard of rules and regulations (but without intent to defraud) there shall be added to the tax an amount equal to five percent of the deficiency.

. . . . . .

---

3. Petitioner actually mailed respondent two "final notices" of deficiency, one dated July 5, 1978, totaling $9,859.00 and the other dated July 10, 1978, totaling $10,900.79. It appears as if the July 5, 1978 "final notice" is correct because it corresponds with the computation of the addition to tax in petitioner's brief.

3. If any employer, without intent to evade or defeat any tax imposed by sections 143.011 to 143.996 or the payment thereof, shall fail to make a return and pay a tax withheld by him at the time required by or under the provisions of sections 143.011 to 143.996, such employer shall be liable for such taxes and shall pay the same together with interest thereon and the addition to tax provided in subsection 1 of this section, and such interest and addition to tax shall not be charged to or collected from the employee by the employer.

The Commission ruled that § 143.751(3), should be read to harmonize with the rest of the chapter on income taxation, and specifically with §§ 143.741 and 143.751(1), both of which permit a taxpayer to avoid the five percent addition to tax by showing reasonable cause or freedom from negligence or intent to disregard rules and regulations. The Commission found that the statutes "impose a 5% [addition to] tax for late filing or payment, respectively ...," and that the "apparent intent" of the statutes is "to assess an additional 5% [addition to] tax only if the failure to comply is without reasonable cause." Finding reasonable cause in the instant case, the Commission held that respondent was not liable for the five percent addition to tax under either of the sections.

Petitioner contends that the decision of the Commission is unauthorized by law under § 161.338. Petitioner argues, that § 143.751(3), alone deals with the responsibilities of employers who withhold tax from employee's wages pursuant to Chapter 143, and that the Commission's construction of that section in conjunction with the other provisions of Chapter 143 was erroneous.

■ This Court's primary responsibility is to ascertain the intent of the general assembly from the language used, and to give effect to that intent. *State v. Krause*, 530 S.W.2d 684, 685 (Mo. banc 1975); *Playboy Club, Inc. v. Myers*, 431 S.W.2d 228, 231 (Mo.1968); *Marty v. State Tax Commission*,

336 S.W.2d 696, 699 (Mo.1960). We are bound by the rule that all statutes relating to taxation are to be strictly and narrowly construed against the taxing authority and in favor of the taxpayer. *Cascio v. Beam*, 594 S.W.2d 942, 945 (Mo. banc 1980); *Wiethop Truck Sales, Inc. v. Spradling*, 538 S.W.2d 585, 586–87 (Mo.1976); *O'Dell v. Division of Employment Security*, 376 S.W.2d 137, 141–42 (Mo.1964); *State ex rel. Benson v. Union Electric Co.*, 359 Mo. 35, 220 S.W.2d 1, 3 (banc 1949); *A. J. Meyer & Co. v. Unemployment Compensation Commission*, 348 Mo. 147, 152 S.W.2d 184, 191 (1941).

■ We are also obliged to reconcile and harmonize statutes dealing with the same subject if it is reasonably possible. When this is not possible, and one statute must prevail over another, a statute having a general application will be subordinated to one having a more specific application. *State ex rel. Fort Zumwalt School District v. Dickherber*, 576 S.W.2d 532, 536–37 (Mo. banc 1979); *City of Raytown v. Danforth*, 560 S.W.2d 846, 848 (Mo. banc 1978); *ITT Canteen Corp. v. Spradling*, 526 S.W.2d 11, 16 (Mo.1975); *Laughlin v. Forgrave*, 432 S.W.2d 308, 313 (Mo. banc 1968); *Edwards v. St. Louis County*, 429 S.W.2d 718, 721 (Mo. banc 1968); *Layson v. Jackson Co.*, 290 S.W.2d 109, 111 (Mo.1956).

■ Subsection 3 of § 143.751 is not, as petitioner contends, the "sole provision" dealing with the responsibilities of employers who withhold amounts from employees' wages. Sections 143.191–.261 provide general procedures for withholding income taxes. Section 143.241 makes taxes to be withheld the "tax of the employer" as well as the employee. Section 143.731, relates to interest on late payments, and is applicable to all taxpayers, including withholding employers. Section 143.741, relates to failure to make timely filings, and is clearly applicable to all taxpayers, including withholding employers. Petitioner's own rule 12 CSR 10–2.055,[4] interpreting § 143.741, re-

---

4. 12 CSR 10–2.055(2) provides:

(2) Applicability and Scope of Regulation: This regulation is intended as an interpretive

flects petitioner's prior understanding that this section also applies to withholding employers. In petitioner's letter of March 22, 1978, (Exhibit I) he acknowledged an "interplay" between § 143.741(1) and § 143.-751(3).

Chapter 143, of which § 143.751(3) is but one segment or part, creates a comprehensive structure of penalties covering collection and payment of income taxes. In general, the penalties are directed at the failure to file returns, § 143.741, and the failure to pay the tax, § 143.751. Subsection 1 of § 143.741 relates to *failure to file* any return, and authorizes a five percent addition to tax for a delay of less than one month, and five percent for each additional month, not to exceed a total of twenty–five percent of the tax, "unless it is shown that such failure is due to reasonable cause and not due to willful neglect." Subsection 2 relates to an employer's failure to file or give information statements to employees and makes the penalty $2.00 per statement not to exceed $1,000 per year, "unless it is shown that such failure is due to reasonable cause and not to willful neglect."

Subsection 1 of § 143.751, relates to *failure to pay* and provides that if any part of the deficiency is "due to negligence or intentional disregard of rules and regulations (but without intent to defraud) . . .", the penalty is a five percent addition to tax. Subsection 2 relates to all returns, and for fraud, imposes a penalty of fifty percent of the tax in lieu of the penalty provided in subsection 1.

Subsection 3 of § 143.751, the section here involved, relates to employers and withholding taxes and reads as follows:

> 3. If any employer, without intent to evade or defeat any tax imposed by sections 143.011 to 143.996 [the entire chapter][5] or the payment thereof, shall fail to make a return and pay a tax withheld by him at the time required by or under the provisions of sections 143.011 to 143.996, [the entire chapter][6] such employer shall be liable for such taxes and shall pay the same together with interest thereon and the addition to tax provided in subsection 1.

As indicated above, the five percent addition to tax provided by subsection 1 of § 143.751, is authorized only if any part of the deficiency "is due to negligence or intentional disregard of rules and regulations (but without intent to defraud) . . . ."

Subsection 4 of § 143.751, relates to any person charged with the collection and payment of withholding taxes who "willfully fails to collect such tax or truthfully account for and pay over such tax or will-

---

guideline in the application of section 143.-741, RSMo. (Supp.1975) and is applicable only with respect to taxable periods beginning after Dec. 31, 1972. Chapter 143, RSMo. (1969) and the regulations thereunder shall continue in force with respect to taxable periods beginning before Jan. 1, 1973. For taxable periods beginning after Dec. 31, 1972, this regulation applies to the failure to file income tax returns, amended income tax returns and employer withholding returns which are required to be filed. It does not apply to the failure to file a declaration of estimated tax or to the failure of the taxpayer to report a change or correction in the federal taxable income as required by section 143.-601, RSMo. (Supp.1975).

12 CSR 10–2.055(7) and subsection C provide: (7) The application of the addition to tax under section 143.741.1 RSMo. (Supp.1975) is illustrated under the following examples:

. . . . .

(C) Assume a corporate taxpayer, an employer, withholds taxes from its employees' wages for the first quarter of 1974 in the amount of $450 in monthly amounts of $50 in January, $200 in February and $200 in March. Taxpayer pays $250 on account of the January and February withheld amounts on March 16th, and pays $200 on account of March withholdings on April 26, 1974. Taxpayer does not file the quarterly withholding return until Aug. 31, 1974 and the failure to file the return on or before the prescribed date (April 30, 1974) is not due to reasonable cause. In this case there will be imposed an addition to tax under section 143.741.1 RSMo. (Supp.1975) *of $50, determined as follows: . . .*

5. Except § 143.998 which has no relation hereto and was added by subsequent amendment. C.C.S.S.C.S.H.B. 131, Laws of Mo.1977, p. 361.

6. Except § 143.998 which has no relation hereto and was added by subsequent amendment. *Id.*

fully attempted in a manner to evade or defeat the tax or the payment thereof" and provides a penalty of 100% of the tax plus other penalties, but not to include the penalties of subsections 1 and 2 just discussed above.

Subsection 5 of § 143.751, relates to those charged with withholding and provides that a penalty for fraud not to exceed $1,000, in addition to all other provided penalties.

We also note that the penalty structure which we have described resulted from the total revision of Chapter 143 in S.B. 549, Laws of Mo.1972, pp. 698–736, which we believe to be another compelling reason for reading the section of the statute in question in harmony with all other provisions of the chapter.

In this case, we do not have irreconcilably inconsistent statutes nor do we perceive a conflict between a statute of general application and one of specific application. While subsection 3 of § 143.751 is specifically directed at the filing of the return and payment of withholding taxes, it twice refers to and incorporates the entire chapter on income taxation and then provides for the assessment of penalty, if any is required, by reference to and incorporation of subsection 1. The penalty of subsection 1 of § 143.751, is expressly conditioned upon the deficiency being due to "negligence or intentional disregard of rules and regulations (but without intent to defraud) . . . ." Otherwise, there is no five percent penalty.

We know of no rule of statutory construction which would authorize us to say that the legislature intended its reference to subsection 1 to incorporate only the five percent figure, but not the "negligence or intentional disregard of rules and regulations" which is expressly made a condition precedent to imposition of the five percent penalty (addition to tax). We believe that if such had been the intent of the legislature, it would have said that upon failure to make a return or pay the tax, the employer shall be liable for the taxes together with interest and a "penalty of five percent of the deficiency." Instead, the legislature said that the employer shall be liable for the taxes and interest thereon and the "addition to tax provided in subsection 1", which five percent addition to tax, is expressly conditioned upon the deficiency being "due to negligence or intentional disregard of rules and regulations (but without intent to defraud) . . . ."

On the undisputed facts it was found by the Commission that respondent met the burden of proving its freedom from negligence or intentional disregard of petitioner's rules and regulations in placing the return and payment in the mail. Therefore, the five percent addition to tax under § 143.751(3), cannot be assessed against this taxpayer. Having decided this question, we will not have article V, § 3 jurisdiction in future cases regarding the imposition of an addition to tax under this section because they would involve application, and not construction, of the statute. *Hermel, Inc. v. State Tax Commission*, 564 S.W.2d 888, 897 (Mo.banc 1978).

While respondent's proof, establishing no negligence and no intent to disregard petitioner's rules and regulations, relieves respondent from the five percent addition to tax, such proof does not entitle respondent to retain the compensation deduction contemplated by § 143.261.

We affirm the decision of the Administrative Hearing Commission as it relates to the assessment of the five percent addition to tax and remand the cause to the Commission for the purpose of entering such orders as may be required to effect collection of the compensation deduction heretofore retained by respondent together with interest.

DONNELLY, RENDLEN and HIGGINS, JJ., concur.

SEILER, J., dissents in separate dissenting opinion filed.

BARDGETT, C. J., and MORGAN, J., dissent and concur in separate dissenting opinion of SEILER, J.

SEILER, Justice, dissenting.

I respectfully dissent.

The principal opinion relies on the general rule that statutes relating to taxation are to be strictly construed against the taxing authority and in favor of the taxpayer.

But we must also bear in mind that "[t]hat rule does not require the language of a taxing statute be ignored and not given a meaning which reasonably accords with 'the apparent intention of the Legislature as expressed in the statute, with a view to promoting the apparent object of the legislative enactment.'" *State ex rel. Thompson–Stearns–Roger v. Schaffner*, 489 S.W.2d 207, 215 (Mo.1973).

What, then, was the apparent intention of the legislature with respect to payment of withholding taxes by employers, considered in the light of promoting the apparent object of the enactment of statutes making up the chapter on income tax, Chapter 143?[1]

First, it is evident that employers who are responsible for the withholding taxes collected from their employees are dealt with differently than other taxpayers such as individuals, corporations, trusts and estates, and properly so, because the money which a withholding employer is to pay over to the state is not his money, it is money he collected from his employees. It is held out of their wages. The employer has no investment or rights in it. He is merely a conduit to get it into the hands of the state, where it legally belongs.

By § 143.241, withholding taxes are declared to be a special fund held in trust by the employer for the director of revenue. Congress does the same with federal withholding. See I.R.C. Section 7501, which provides that withheld taxes are to be held in a special fund in trust for the United States.

There are further differences found in Chapter 143 as to withholding employers. Unlike individuals, who must pay only quarterly on their estimates, an employer must keep much more current as to withholding taxes. By § 143.221.2, when the aggregate amount withheld exceeds $100 for either the first or second month of the quarter, the employer must pay it over by the fifteenth day of the following month. He cannot retain it until the end of the quarter. There is too much potential interest income which would be lost to the state if employers were permitted to accumulate and hold large amounts of withholding tax. In the case before us, for example, the three day delay on the $176,660 means a loss to the state of the use of the money for that period of time. One such instance is not too significant money wise, but multiply this by however many late payments there are from the thousands of employers in Missouri required to pay over withholding taxes and it assumes significant proportions, especially at today's high interest rates.

It becomes apparent, therefore, that it was the intent of the legislature that withholding taxes are in a special category and are to be paid on time. Most of the state's income taxes come from withholding. The legislature could therefore be expected to insist that they be paid on time. The legislature intended that a penalty be assessed against employers who failed to pay withholding taxes on time.

Second, while it is true, as the principal opinion points out, that there are several sections in the income tax chapter dealing with employers and their various responsibilities, when it comes to the matter of filing returns on time or paying taxes on time, it is further evident that § 143.751.3 is the *only* portion of the chapter applying *solely to employers and withholding*.[2] Sub-

---

1. Unless otherwise indicated, statutory citations are to RSMo 1978.

2. The pertinent portion of section 143.751.3 reads as follows:

"3. If any employer, without intent to evade or defeat any tax imposed by sections 143.011 to 143.996 or the payment thereof, shall fail to make a return and pay a tax withheld by him at the time required by or under the provisions of sections 143.011 to 143.996, such employer shall be liable for such taxes and shall pay the same together with interest thereon and the addition to tax provided in subsection 1 of this section, and such interest and addition to tax shall not be

section 3 refers to failure on the part of any employer "to make a return and pay a tax withheld by him at the time required." When an employer fails to do both, as in the case here, subsection 3 prescribes a penalty of "the addition to tax provided in subsection 1."

The principal opinion holds that this reference to subsection 1, where the amount of penalty is set at 5%, also includes the condition that the deficiency must be due to "negligence or intentional disregard of the rules and regulations." If so, there was no need for the legislature to enact subsection 3 at all, because if the penalty is to be 5% and if it is to be excused unless due to negligence or intentional disregard, etc., this is covered by subsection 1 standing alone. The principal opinion thus "harmonizes" § 143.751.3 by rendering it superfluous.

Certainly the legislature had no such intention. The answer is that subsection 3 deals with a special class of taxpayers–i.e., employers who are to pay over withholding taxes. The language "addition to tax provided in subsection 1" found in subsection 3 is for the purpose of establishing the size of penalty the employer shall pay. The only "addition" to tax mentioned in subsection 1 is 5%. No statutory rule of construction requires incorporation of the provisions of subsection 1 excusing liability for the penalty in order to satisfy the reference to subsection 1 as to the amount of the penalty. Subsection 3 itself states when the penalty is to be paid. It is when the employer "shall fail to ... pay ... at the time required..." No excuses are provided.

By incorporating the excuse clause of subsection 1 into the provisions of subsection 3, the principal opinion nullifies the legislacure's intent that withholding employers must pay withholding taxes on time and are not to have available to them the excuses for late payment available to other

taxpayers who are paying their taxes with their own money.[3]

If the legislature intended by subsection 3 to give employers who are late in paying withholding tax the same treatment as it intended for individuals and others who are late in paying their own income taxes with their own money, it would have added such words of excuse at the beginning of the opening sentence of subsection 3, where it does restrict the availability of the penalty for employers who failed to file and pay on time to those without intent to evade or defeat the tax.[4] Had it also intended to excuse those who failed without negligence or intentional disregard of the rules and regulations, it could easily have so stated. It did not.

As earlier pointed out, the withholding employer is not dealing with his own money. It is money withheld from wages of his employees and the legislature decided in its wisdom to hold such employers to a stricter compliance–either pay over the money collected from employees on time or pay a penalty. This was accomplished by enacting subsection 3 to deal specifically with employers and withholding taxes.

Third, the principal opinion does not permit Armco Steel to retain the $887.74 which it claims as compensation deduction (an amount the employer is entitled to retain to cover the expense of withholding) under § 143.261. The reason is that the withholding tax was not remitted on or before date it was due. Section 143.261, just as is true of § 143.751.3, does not mention lack of negligence as an excuse. Both call flatly for payment on time. Yet the principal opinion holds Armco strictly to the due date so far as the penalty of denying compensation deduction is concerned, but excuses Armco as to the 5% penalty, despite the words of subsection 3 which prescribe the penalty whenever the employer fails "to

charged to or collected from the employee by the employer."

**3.** The federal treasury regulations make a similar differentiation between the ordinary taxpayer and a withholding employer as to failure to

pay on time. Treas.Reg. Sec. 301.6651–1(c)(2) (1980).

**4.** Those who fail to file and pay with such intent are dealt with under subsections 4 and 5 of § 143.751.

make a return and pay a tax withheld by him at the time required." Taking away the compensation deduction, as the principal opinion does, for failure to remit on time, despite the fact it was not due to Armco's negligence, is no different in principle from assessing a 5% penalty for failing to remit on time, which the principal opinion inconsistently does not do.

In conclusion, the principal opinion has the effect of judicially amending the statute by permitting withholding employers to pay withholding taxes not by the prescribed date, but "on or about" the prescribed date. It permits the "too busy" corporation to trifle and temporize with the due date for paying over withholding tax money which belongs to someone else. It slows up and makes uncertain the collection of the important amounts of state revenue. It interferes with the state's cash flow. It removes the incentive to be prompt in payment of withholding taxes. And it does this with what the statute declares to be trust money, none of which belongs to the employer.

I do not believe the legislature intended to treat employers who are late in remitting taxes withheld from the wages of their employees, the same as individuals or corporations who are late in paying their own income taxes with their own money. The legislature intended the former to pay on time or suffer the penalty; the latter were to be given the leeway of reasonable excuse where late payment was not due to negligence or intentional disregard. The principal opinion, however, eliminates this distinction, contrary to the statute and to the financial disadvantage of the state.