Dear Mr. Rousselot:
This opinion is issued in response to your question asking:
 Whether tax collected for implementing the Workers' Compensation Fund under Section 287.710, RSMo and earmarked for such implementation can be used for salaries and administrative expenses involving crime victims, especially in view of Section 8, Paragraph 2 of the House Committee Substitute for House Bills Nos. 41, 319, 429, 478 and 228 [sic] truly agreed to and finally passed by the 81st General Assembly, commonly referred to as the "Crime Victim's Bill", which states, in part, as follows: ". . . .2. All awards made to injured victims under this act and all appropriations for administration of this act, except Sections 9 and 10, shall be made from the Crime Victim's Compensation Fund. . . ."
You further state:
 As Director of the Division of Workers' Compensation, I am charged with the responsibility of administering both the Workers' Compensation Fund and the Crime Victim's Compensation Fund, and I am therefore concerned that there be no legal question as to the complete separation of administrative expenses and salaries between the Workers' Compensation Fund and the Crime Victim's Compensation Fund.
The Workers' Compensation Fund is established under Section287.710, RSMo Supp. 1981. Subsection 4 of that section states:
 The tax collected for implementing the workers' compensation fund, and any interest accruing thereon, under the police power of the state from those specified in sections 287.690, 287.715, and 287.730 shall be used for the purpose of making effective the law to relieve victims of industrial injuries from having individually to bear the burden of misfortune or becoming charges upon society and for the physical rehabilitation of the victims of industrial injuries, and for no other purposes. It is hereby made the express duty of every person exercising any official authority or responsibility in and for the state of Missouri sacredly to safeguard and preserve all funds collected, and any interest accruing thereon, under and by virtue of sections 287.690, 287.715, and 287.730 for the purposes hereinabove declared.
Senate Committee Substitute for House Committee Substitute for House Bills Nos. 41, 319, 429, 478 and 228, 81st General Assembly, has been codified as Chapter 595 RSMo Supp. 1981. Section 595.045
provides in relevant part:
 1. There is established in the state treasury the "Crime Victims' Compensation Fund". . . .
 2. All awards made to injured victims under sections 595.010 to 595.070 and all appropriations for administration of sections 595.010
to 595.070, except sections 595.050 and 595.055, shall be made from the crime victims' compensation fund. . .
Responsibility for the administration of the Crime Victims Compensation Fund is given to the Division of Workers' Compensation, Section 595.015, effective January 1, 1983, Section 595.070.
It is clear that the Workers' Compensation Fund and the Crime Victims' Compensation Fund may not be commingled. The language of Section 287.710.4 is unambiguous. It is made the duty of state officials to "sacredly" safeguard and preserve the Workers' Compensation Fund for the purposes declared. Those purposes do not include expenses relating to the administration of Chapter 595. Likewise, Section 595.045.2 expressly provides that awards made to crime victims, and necessary administrative expenses, shall be paid from the Crime Victims' Compensation Fund.
That the total separation of the two funds is required is also borne out by Section 287.690, RSMo 1978 which provides that certain insurance carriers shall pay a premium tax "[f]or the purpose of providing for the expense of administering this chapter and providing for the maintenance of the second injury fund." No mention is made of the administration of Chapter 595.
Since the statutory language is so clear, there can be no other interpretation but that the two funds must be separately maintained and administered, and can be expended only for their respective statutory purposes. Neither fund may be used for the purposes of the other.
The Supreme Court of Missouri has stated that, in the construction of a statute, the intent of the general assembly must be ascertained from the language used, and effect must be given to that intent. Goldberg v. Administrative Hearing Commission,609 S.W.2d 140, 144 (Mo. banc 1980). It was the intent of the general assembly that the funds which are the subject of this opinion remain separate.
CONCLUSION
It is the opinion of this office that the Workers' Compensation Fund established under Section 287.710, RSMo Supp. 1981, may not be used for salaries and expenses relating to the administration of Chapter 595, RSMo Supp. 1981, providing for compensation of and services for certain crime victims.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Jay D. Haden.
Yours very truly,
 JOHN ASHCROFT Attorney General