Dear Dr. Ahr:
This is in response to your questions:
 1. Can the Revolving Fund established under Statute 31.060 for the various facilities, be used to pay employees who have earned their salary but, due to termination early in the pay cycle or clerical error, must wait an extended amount of time in order to receive their salary?
 2. Can the Revolving Fund be used to pay expenses incurred by employees for travel other than for interstate compact?
Section 31.060, RSMo 1978, provides:
 Upon a request from the director of the department of mental health or social services, as the case may be, the commissioner of administration shall draw a warrant payable to the business manager of each of the state hospitals, mental health centers, the state school and the state chest hospital, in an amount to be specified by the director of the department of mental health or social services, as the case may be, not to exceed, however, the sum of four thousand dollars for each such institution. The sum so specified shall be placed in the hands of the business manager as a revolving fund to be used in the payment of the incidental expenses of the institution for which he has been appointed, and the payment of costs incurred in returning nonresident patients to their state of residence. All expenditures shall be made in accordance with rules and regulations established by the commissioner of administration.
Our task in rendering this opinion is to seek the intent of the legislature. State ex rel. Ashcroft v. Union Electric Co.,559 S.W.2d 216 (Mo.App. 1977). We must determine that intent from the language employed by the General Assembly, giving the words used their plain, ordinary and usual meaning. City of WillowSprings v. Missouri State Librarian, 596 S.W.2d 441 (Mo. banc 1980).
Black's Law Dictionary (5th Ed. 1979) defines a revolving fund as:
 [a] fund from which withdrawals are made . . . as disbursements, with the obligation of repaying the fund . . . to keep the fund intact. A fund whose amounts are continually expended and then replenished; for example, a petty cash fund. Id. at 1188.
Revolving funds granting state officials discretion to pay incidental expenses, among other things, are not uncommon in Missouri. See, for example, Section 219.016.9, RSMo 1978 (Youth Services) and Section 41.210, RSMo 1978 (Adjutant General).
Your questions require us to determine the propriety of certain payments from the revolving fund established in Section 31.060. The General Assembly has established specific procedures in Chapters 33 and 34 to be followed for the payment of state employee salaries and the purchase of state supplies. Because any use of the revolving fund necessarily involves some conflict with these provisions, or with regulations promulgated thereunder of the Office of Administration, we are obliged to harmonize these two statutes dealing with the same subject matter. Goldberg v. AdministrativeHearing Commission, 609 S.W.2d 140, 144 (Mo. banc 1980).
Having provided a specific procedure for the payment of state employees' salaries and the purchase of supplies by state facilities, we do not believe the General Assembly intended that these procedures be circumvented except in extraordinary circumstances. By placing the revolving fund "in the hands of the business manager," the General Assembly gave him discretion in its administration. This discretion is channeled, however, by the statutory language which limits use of the revolving funds to "incidental expenses" and "costs incurred in returning nonresident patients to their state of residence."
Black's Law Dictionary (5th Ed. 1979) defines "incidental" as:
 [d]epending upon or appertaining to something else as primary; something necessary, appertaining to, or depending upon another which is termed the principal; something incidental to the main purpose . . . . Id. at 686.
The Compact Edition of the English Oxford Dictionary defines "incidental" as:
 [o]curring or liable to occur in fortuitous or subordinate conjunction with something else of which it forms no essential part; casual — of a charge or expense such as is incurred (in the execution of some plan or purpose) apart from the primary disbursements.
Finally, "incidental" is characterized in 42 C.J.S. Incidental,
as:
 [i]ncident to the main purpose of the main business; occasional; of minor importance; . . . happening as a chance or undesigned feature of something else; liable to happen or to follow as a chance feature or incident. Id. at 520-21.
Reading Section 31.060, in light of these definitions and in harmony with Chapters 33 and 34, we believe the revolving fund was designed to permit payments that are occasional, casual, minor, and immediately necessary for the proper operation of the facility. We conclude, therefore, that the mere passage of time and the resultant "inconvenience" to a state employee or former employee would not constitute a proper basis for payment from the revolving fund. While such a payment would be in the best interests of the employee or former employee, we do not believe it would be immediately necessary for the proper operation of the facility in all cases.
Specifically, we believe payment to terminated employees from the revolving fund prior to the expiration of the annual pay cycle is an improper use of the fund. Such a payment is neither incidental nor is it in behalf of the institution.
Use of the fund to pay employees who have earned their salary but whose pay checks contain errors in payment may be a proper exercise of a business manager's discretionary use of the fund in very limited circumstances. However, we do not intend to authorize wholesale use of the revolving fund to correct administrative errors in salary payment in this opinion; neither do we intend herein to establish guidelines within which a business manager must exercise his discretion. Section 31.060 is clear. The fund may be used when the business manager, in his discretion, believes he is paying an incidental expense of the institution. Thus, we believe any such expenditure must be in the best interests of the institution without regard to any benefit or burden which will inure to an employee as a result of payment or nonpayment. Further, the exercise of such discretion by the business manager must be tempered with the realization that the business manager bears responsibility for the uses and maintenance of the fund.
As to your second question, Section 33.090, RSMo 1978, expresses the legislative intent with regard to the payment of travel expenses incurred by employees on behalf of the state. In accordance with Section 33.090, the commissioner of administration has promulgated rules and regulations governing travel by state employees and reimbursement of travel expenses incurred by such employees. See1 CSR 10-11.010. We do not believe the legislature intended to allow the use of the revolving fund to circumvent these rules and regulations.
We believe that travel expenses may not generally be prepaid by or reimbursed from the revolving fund; the provisions of1 CSR 10-11.010 control with regard to payment of travel expenses incurred by state employees on behalf of the state. Section 31.060 expressly allows "payment of costs incurred in returning nonresident patients to their state of residence . . ." from the revolving fund. This authority to use the revolving fund requires only that travel be to return nonresident patients; we find no requirement that travel expenses payable from the fund be related solely to interstate compact.
We add this caveat: Every payment from the revolving fund must be reimburseable by moneys appropriated by the General Assembly. We do not authorize payments from the revolving fund for items or services outside an agency's lawful scope of activity or lawfully appropriated funds. See Section 33.170, RSMo 1978, Article III, Section 36 and Article IV, Section 28, Missouri Constitution (1945).
Very truly yours,
 JOHN ASHCROFT Attorney General