Dear Representative Jackson:
This replies to your request for our opinion on the following questions of law:
 1. May anyone other than a licensed pharmacist or physician reduce bulk drugs prescribed by a physician into smaller packages, complete the label to be affixed to the package of drugs and hand such drugs to the patient?
 2. To what extent may a pharmacist or physician delegate the functions of dispensing drugs to persons or employees who are not pharmacists or physicians?
 3. Must a licensed pharmacist or physician either personally perform or personally verify the accurateness of the following tasks in each instance of the dispensing of a drug to a patient:
 a. The selection from bulk inventory of the type of drug, the strength of the drug and the dosage of the drug prescribed by the physician?
 b. The verification of the accuracy and completeness of the contents of the label affixed to the container to be given to the patient?
 c. The verification that the drug in the patient's drug container is in fact the drug that the label says it is?
Section 338.010, RSMo 1978, prohibits an unlicensed person from compounding, dispensing, or selling at retail a drug or medicine prescribed by a physician, except under certain limited circumstances. That section states, in pertinent part:
 It shall be unlawful for any person not licensed as a pharmacist within the meaning of sections 338.010 to 338.190 to compound, dispense or sell at retail any drug, chemical, poison or pharmaceutical preparation upon the prescription of a physician, or otherwise, or to compound physicians' prescriptions except as an aid to or under the direct supervision of a person licensed as a pharmacist under sections 338.010 to 338.190. And it shall be unlawful for any owner or manager of a pharmacy or drug store, or other place of business, to cause or permit any other than a person licensed as a pharmacist to compound, dispense or sell at retail, any drug, medicine or poison, except as an aid to or under the direct supervision of a person licensed as a pharmacist; provided, however, that nothing in this section shall be construed to interfere with any legally registered practitioner of medicine or dentistry in the compounding or dispensing of his own prescriptions . . . .
Likewise, Section 338.240(4), RSMo 1978, requires that each Missouri pharmacy be managed ". . . under the supervision of either a registered pharmacist, or an owner or employee of the owner, who has at his place of business a registered pharmacist employed for the purpose of compounding physician's prescriptions in the event any such prescriptions are compounded or sold[.]" Furthermore, 4 CSR 220-2.010(1)(A), a rule of the Board of Pharmacy, provides in pertinent part:
 At all times when physicians' prescriptions are compounded in a drug store, pharmacy, apothecary shop, chemist shop, or other place of business where prescriptions are filled, there shall be on duty and present in such place of business a pharmacist registered in the state of Missouri as provided by law. When there is no pharmacist on duty, no prescription will be compounded . . . .
Sections 338.010 and 338.240 and 4 CSR 220-2.010(1)(A) were recently construed in Jack Dunning and Medirate ProfessionalPharmacy, Inc. v. Board of Pharmacy, State of Missouri, Nos. 43504 and 43505 (Mo.App., E.D. January 12, 1982), application fortransfer to Missouri Supreme Court denied No. 63842 (April 13, 1982). Citing Duensing v. Huscher, 431 S.W.2d 169, 173-74 (Mo. 1968), the Missouri Court of Appeals held that these provisions of law are violated when persons who are not licensed pharmacists fill prescriptions or dispense medications in a pharmacy at a time when no licensed pharmacist is present on the pharmacy premises to supervise this conduct. This holding is consistent with our Opinion No. 81 (1962), a copy of which is enclosed.
With regard to a physician who dispenses his own prescription medications, there is no provision in Section 338.010 which allows an unlicensed person to compound, dispense, or sell at retail a prescription drug under the direct supervision of the prescribing physician. Section 338.010 only specifically authorizes a "legally registered practitioner of medicine or dentistry" to compound or dispense his own prescriptions. Further, we find no provision in Chapter 334, RSMo, which regulates the practice of medicine, that governs the dispensing of prescription medications by a prescribing physician. However, Section338.059, RSMo 1978, provides in part:
 1. It shall be the duty of a licensed pharmacist or a physician to affix or have affixed by someone under his supervision a label to each and every container in which is placed any prescription drug upon which is typed or written the following information:
 (1) The date of [sic] the prescription is filled;
(2) The sequential number;
(3) The patient's name;
 (4) The prescriber's directions for usage;
(5) The prescribing doctor's name;
 (6) The name and address of the pharmacy;
 (7) The exact name and dosage of the drug dispensed;
 (8) There may be one line under the words written stating "Refill" with a blank line or squares following; immediately under the word "Refill" the words "No Refill";
 (9) When a generic substitution is dispensed, the name of the manufacturer or an abbreviation thereof shall appear on the label or in the pharmacist's records as required in section 338.100.
It is a rule of statutory construction that:
 Statutes must be read in pari materia and, if possible, given effect to each clause and provision. Where one statute deals with a subject in general terms and another deals with the same subject in a more minute way, the two should be harmonized if possible, but to the extent of any repugnancy between them the definite prevails over the general. (State ex rel. Fort Zumwalt School District v. Dickherber, 576 S.W.2d 532, 536-537 (Mo. banc 1979). See also Goldberg v. Administrative Hearing Commission, 609 S.W.2d 140, 144 (Mo. banc 1980).)
Section 338.059 specifically allows an unlicensed person acting under the supervision of a physician to affix a label to a prescription drug container bearing the requisite information, while Section 338.010 generally prohibits anyone other than a pharmacist, a pharmacist's aid or assistant, or a physician or dentist from compounding, dispensing, or selling at retail prescription medications. Harmonizing these statutes, we believe that a physician may only delegate to another, acting under his supervision, the preparation and affixing of a proper label to his prescription medications to be dispensed to his own patients. All other steps in the dispensing process must be personally performed by the dispensing physician himself.
Thus, in answer to your first two questions, a licensed pharmacist or physician may delegate duties relating to the dispensing of prescription drugs only to the following extent: A licensed pharmacist may allow an unlicensed person to perform all steps incident to compounding, dispensing, labeling, and selling prescription drugs at retail, provided that the unlicensed person acts at all times in the presence of the licensed pharmacist and under his direct supervision. A physician may only allow an unlicensed person to prepare and affix the label required by Section 338.059 to the prescription medication, under his supervision, and must personally perform all other aspects of the compounding and dispensing of his own prescriptions.
With respect to your third question, it necessarily follows from the foregoing analysis that a dispensing physician must personally perform the selection from inventory of the type, strength, and dosage of the drug he prescribed; he must personally verify the accuracy and completeness of the contents of the label affixed to the patient's prescription container; and he must personally verify that the drug (which he personally placed into the patient's prescription container) is in fact the drug indicated upon the prescription label. Only the physical preparation and affixing of the label to the container may be performed by another, under the physician's supervision.
In regard to the personal responsibility of a licensed pharmacist concerning the tasks described in your third question, we direct your attention to 4 CSR 220-2.010(1)(B), a rule promulgated by the Board of Pharmacy, which states:
 (B) Whenever in a pharmacy, drug store, or other establishment holding a Missouri pharmacy permit, a person other than a licensed pharmacist does compound, dispense or sell at retail any drug, medicine or poison pursuant to a lawful prescription, a licensed pharmacist must be physically present within the confines of the dispensing area, able to render immediate assistance, and able to determine and correct any errors in the compounding, preparation or labeling of that drug, medicine or poison before said drug, medicine or poison is dispensed or sold at retail. The pharmacist shall personally inspect and verify the accuracy of the contents of, and label after it is affixed to, any prescribed drug, medicine or poison compounded or dispensed by a person other than a licensed pharmacist.
Considering this rule in connection with Sections 338.010 and338.059, we do not believe that a licensed pharmacist must personally perform the selection from bulk inventory of the type, strength, and dosage of the drug prescribed. In the pharmacist's presence and under his direct supervision, an unlicensed assistant may perform these tasks, place the drug in an appropriate container, and prepare and affix the required label to the prescription container. However, incident to his direct supervision of the unlicensed assistant and under 4 CSR 220-2.010(1)(B), the licensed pharmacist must personally inspect and verify the accuracy and completeness of the prescription label affixed to the container, and the contents of the prescription drug container, before it is delivered or sold to the patient at retail.
CONCLUSION
It is the opinion of this office that a licensed pharmacist may permit an unlicensed person to perform all steps incident to compounding, dispensing, labeling, and selling prescription drugs at retail, provided that the unlicensed person acts at all times in the presence of the licensed pharmacist and under his direct supervision. A licensed pharmacist need not personally perform the selection from bulk inventory of the type, strength, and dosage of the drug prescribed, but must personally inspect and verify the accuracy and completeness of the label affixed to the prescription drug container and must verify the correctness of the contents of the drug container, before it is delivered or sold to the patient at retail.
A physician may only allow an unlicensed person to prepare and affix, under his supervision, the label required by law to a medication he dispenses, and must personally perform all other aspects of the compounding and dispensing of his own prescription medications. The dispensing physician must personally perform the selection from inventory of the type, strength, and dosage of the drug he prescribed; he must personally verify the accuracy and completeness of the contents of the label affixed to the patient's prescription container; and he must personally verify that the drug in the prescription container is in fact the drug indicated upon the prescription label.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Gregory W. Schroeder.
Yours very truly,
 JOHN ASHCROFT Attorney General
enclosure: Op. No. 81 Pickrell, 1-18-62