STATE ex rel. Dr. C. Keith SCHAFER, Director, Missouri Department of Mental Health, Relator,

v.

Honorable Herbert C. CASTEEL, Judge, Circuit Court, Jasper County, Missouri, Respondent.

No. 69019.

Supreme Court of Missouri, En Banc.

July 14, 1987.

William L. Webster, Atty. Gen., Mary Stewart Tansey, Asst. Atty. Gen., Joann Leykam, General Counsel, Dept. of Mental Health, Jefferson City, for relator.

David C. Dally, Pros. Atty., Terri Spencer Rager White, Asst. Pros. Atty., Joplin, for respondent.

**ORIGINAL PROCEEDING IN PROHIBITION**

ROBERTSON, Judge.

This is an original proceeding in prohibition. Relator seeks to prohibit the Honorable Herbert C. Casteel, Judge of the Twenty-Ninth Judicial Circuit, from enforcing his order finding relator in contempt for failure to follow an order of commitment of an insanity acquittee. After relator's original writ of prohibition was denied by the Missouri Court of Appeals, Southern District, this Court issued its preliminary writ. We have jurisdiction. Mo. Const. art. V, sec. 4.1. The issue is whether the Circuit Court of Jasper County has jurisdiction to consider the conditional release of an insanity acquittee detained in a Mental Health facility located in Callaway County. We hold that under the provisions of Section 552.090, RSMo Cum.Supp.1984 (repealed), the Jasper County Circuit Court is without jurisdiction to consider the propriety of the conditional release at issue here. The preliminary writ is made absolute.

### I.

The relator, Dr. C. Keith Schafer, was appointed Director of the Department of Mental Health on July 15, 1986, succeeding Dr. Paul R. Ahr, who served as Director from September, 1979 to June, 1986.

On January 27, 1978, the Jasper County Circuit Court ordered William R. McMurray committed to the Department of Mental Health in accordance with the provisions of Chapter 552, RSMo, after a Jasper County jury found McMurray not guilty of capital murder by reason of mental disease or defect. Pursuant to that order, McMurray was detained at Fulton State Hospital, located in Callaway County, Missouri.

After approximately six years of psychiatric treatment and upon the recommendation of psychiatrists, the Superintendent of Fulton State Hospital notified the Jasper County prosecuting attorney on January 23, 1984, of his intention to place McMurray on conditional release. Copies of the Superintendent's request were sent to respondent, the Jasper County Sheriff, and

the Fulton, Missouri Chief of Police. On January 27, 1984, the prosecutor sent the Superintendent a written objection to the proposed conditional release. Apparently as a result of the prosecutor's objections, the Superintendent did not proceed to implement McMurray's release.

By letter to the Jasper County prosecutor, the Superintendent again requested a conditional release on March 18, 1985. The prosecutor filed no written objection to the proposed release. The Superintendent implemented the release.

On August 8, 1985, the Superintendent requested a second conditional release for McMurray. Again, the prosecutor chose not to object. The Superintendent implemented the release on September 3, 1985.

On October 29, 1986, on motion of the Jasper County prosecutor, respondent issued an order to Dr. Schafer to show cause why he should not be held in contempt for noncompliance with the court's January 27, 1978, order committing McMurray to a state mental hospital. Respondent conducted a hearing on the show cause order on November 25, 1986. Respondent found that neither Section 552.090 nor Section 552.040, RSMo Cum.Supp.1984, authorized a conditional release without approval by a court. Because McMurray was placed on conditional release on September 3, 1985,[1] without court approval, respondent found relator in contempt of the January 27, 1978, commitment order.

## II.

### A.

■ Sections 552.040 and 552.090, which relate to the release of persons acquitted by reason of mental disease or defect, were in effect on September 3, 1985. The former has since been amended (effective September 28, 1985); the latter is repealed (effective September 28, 1985).

Section 552.040 requires the Superintendent to file an application with the sentencing court when either a conditional or unconditional release is sought. The prosecuting attorney of the county in which the committed person was tried and acquitted is to be served with a copy of the application. The statute provides that "[t]he committed person shall be released by order of the court unless ... the prosecuting ... attorney shall, within ten days after the service ... file a written objection thereto." Section 552.040.4.

Section 552.090 also requires the filing of an application for conditional release, but provides, as a preliminary step, that the head of the facility first notify the prosecutor of the court ordering the person committed at least fifteen days before the date of the proposed conditional release. Section 552.090.2. The notice must specify the conditions and duration of the release. If the prosecutor objects to the conditional release, he must communicate his objections to the head of the facility. *Id.* The statute then provides that "[i]f the head of the facility seeks the release after consideration of the prosecutor's objections, he shall petition for a hearing as set out in this section." *Id.*

Section 552.040 appears to apply generally to all persons acquitted on grounds of mental disease or defect. Section 552.090 appears to apply specifically to persons acquitted of sexual offenses and felonies "against persons" by reason of mental disease or defect, and further applies specifically to conditional releases. Where two statutes deal with the same subject inconsistently, the statute having specific application will control over that having general application. *Goldberg v. Administrative Hearing Commission,* 609 S.W.2d 140, 144 (Mo. banc 1980).

McMurray was found not guilty of capital murder by reason of mental disease or defect. Capital murder is a felony offense against the person. Section 565.001, RSMo Cum.Supp.1984; Section 556.016, RSMo 1986. Therefore, to the extent that Sections 552.040 and 552.090 conflict, Section 552.090 governs this case.

### B.

■ Relator argues persuasively that under the language of Section 552.090.2, a

---

**1.** Respondent made no finding with respect to     the March, 1985 release.

conditional release may be implemented without the necessity of a hearing where the prosecutor fails to lodge an objection; only where the prosecutor objects is an application in the court required.

We need not reach issues of statutory interpretation in this case, however. This is an action in prohibition. Our focus is on the jurisdiction of respondent to act. Regardless of the conditions under which an application for conditional release must be filed, it is "the court having probate jurisdiction over the mental health facility where the [committed] person is being detained" which has jurisdiction to consider the requested release. Section 552.090.3.

The committing court does not retain inherent power over the release of an insanity acquittee; rather, it has only that power which is statutorily granted. *Richey v. Baur*, 298 S.W.2d 445, 448 (Mo. banc 1957). Pursuant to Section 552.090.3, the jurisdiction of conditional release determinations when the acquittee is charged with a crime against a person lies in the probate court of the county in which the mental health facility is located. McMurray was detained in Callaway County, Missouri, at the Fulton State Hospital. Therefore, jurisdiction to review McMurray's conditional release lies in the Circuit Court of Callaway County, Probate Division, not in the Jasper County Circuit Court.

### C.

Respondent is without jurisdiction to consider the propriety of McMurray's conditional release. Prohibition lies to prevent a court from acting in the absence of jurisdiction. *State ex rel. City of St. Louis v. Kinder*, 698 S.W.2d 4 (Mo. banc 1985). Our preliminary writ of prohibition is made absolute.

All concur.