Dear Senator Johnson:
This opinion is in response to your questions asking:
 1. Is the Jackson County Legislature legally authorized under Section 205.230, RSMo to appropriate monies from the County's general fund for county hospital purposes in addition to the proceeds of the County's hospital and health levy?
 2. If the answer to Question 1 is in the affirmative, what is the range of the level of appropriation from the County's general fund?
Jackson County is a first class county having a charter form of government.
Your question apparently arises as a result of a possible conflict between Section 205.210, RSMo 1986, and Section205.230, RSMo 1986. Section 205.210 provides:
 205.210. Hospital tax levy (first class charter counties). — The governing body in all counties of the first class having a charter form of government, in addition to the power to levy taxes for county purposes as otherwise provided by law, shall have the power to levy upon all real and tangible personal property in the county an annual tax in an amount not to exceed thirty-eight cents on each one hundred dollars valuation for the purpose of operating, maintaining or supporting a public county hospital or public hospital system or for the maintenance of county patients in state institutions, public hospitals, or other hospitals and for the purpose of operating or maintaining a public county health center or institution and conducting public health programs. The proceeds of the tax shall be used for such purposes and for no other purposes, and no funds from the general revenue of the county shall hereafter be appropriated for such purposes.
(Emphasis added.) Section 205.230 provides:
 205.230. Appropriation of general fund, when. — In counties exercising the rights conferred by sections 205.160 to 205.340, the county commission may appropriate each year, in addition to tax for hospital fund herein provided for, not exceeding five percent of its general fund for the improvement and maintenance of any public hospital so established.
(Emphasis added.)
Several rules of statutory construction are of assistance in attempting to resolve the possible conflict between these two sections. In Goldberg v. Administrative Hearing Commission ofMissouri, 609 S.W.2d 140 (Mo. banc 1980), the Missouri Supreme Court stated:
 We are also obliged to reconcile and harmonize statutes dealing with the same subject if it is reasonably possible. When this is not possible, and one statute must prevail over another, a statute having a general application will be subordinated to one having a more specific application. [Citations omitted.] Id. at 144.
The Missouri Supreme Court in City of Kirkwood v. Allen,399 S.W.2d 30 (Mo. banc 1966) stated:
 "* * * where there are two acts on one subject, the rule is to give effect to both if possible, but if the two are repugnant in any of their provisions, the later act, without any repealing clause, operates to the extent of the repugnancy as to repeal the first. * * *" [Citations omitted.] . . . Where a "specific" act applying to only one class of cities is enacted subsequent to the enactment of a "general" act applying to all cities, and certain provisions of the two acts cannot be harmonized, the "specific" act will be considered an exception to the "general" act and the terms of the "specific" act will prevail. [Citations omitted.] Id. at 34.
Section 205.230 was initially enacted in substantially its present form in 1917. See Laws of Missouri, 1917, page 145. Section 205.230 applies generally to all counties exercising the rights conferred by Sections 205.160 to 205.340, RSMo. Section205.210 was initially enacted in 1945. See Laws of Missouri, 1945, page 986. The second sentence of Section 205.210 stating that no funds from the general revenue of the county shall hereafter be appropriated for such purposes was added in 1951.See Laws of Missouri, 1951, page 778. Section 205.210 applies only to counties of the first class having a charter form of government. Section 205.210 was enacted subsequent to Section205.230 and applies to only one particular type of county while Section 205.230 has general applicability to all counties exercising the rights conferred by Sections 205.160 to 205.340, RSMo. Applying the rules of statutory construction discussed above, Section 205.210, the specific law applying to only one class of counties which was enacted subsequent to the enactment of the general law, prevails over Section 205.230, the earlier enacted general law, to the extent the two sections conflict.
Section 205.210 states that no funds from the general revenue of the county shall hereafter be appropriated for such purposes. The purposes recited previously in that section include operating, maintaining or supporting a public county hospital or public hospital system or for the maintenance of county patients in state institutions, public hospitals, or other hospitals and for the purpose of operating or maintaining a public county health center or institution and conducting public health programs. Section 205.230 authorizes the county commission to appropriate each year, in addition to the tax for the hospital fund, not exceeding five percent of its general fund for the improvement and maintenance of any public hospital established pursuant to Sections 205.160 to 205.340, RSMo. With respect to the conflict between these two sections, we find no way to harmonize the conflicting provisions and conclude that the more recently enacted provision of Section 205.210 applying to a particular type of county prevails over the earlier enacted Section 205.230 which has general applicability. Pursuant to Section 205.210, Jackson County is prohibited from appropriating money from its general revenue for county hospital purposes.
CONCLUSION
It is the opinion of this office that Section 205.210, RSMo 1986, prohibits Jackson County from appropriating money from its general revenue for county hospital purposes.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General