STATE of Missouri, ex rel. Dr. C. Keith SCHAFER, Relator,

v.

The Honorable Donald L. MASON, Judge, Division II, Jackson County Circuit Court, Respondent.

No. WD 41048.

Missouri Court of Appeals, Western District.

Feb. 21, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 28, 1989.

William L. Webster, Atty. Gen., Jefferson City, P. Ann Dirks, Asst. Atty. Gen., Kansas City, for relator.

Commodore M. Combs, Jr., Charles W. Gotschall, Kansas City, for respondent.

Before MANFORD, P.J., SHANGLER and FENNER, JJ.

## ORIGINAL PROCEEDING IN PROHIBITION

MANFORD, Presiding Judge.

This is an original proceeding in prohibition. The preliminary writ is made absolute.

The sole issue is whether Respondent, the Honorable Donald L. Mason, Judge of the 16th Judicial Circuit, is vested with jurisdiction to order the conditional release of one Robert Turner.

The pertinent facts are as follows:

On April 22, 1981, Robert Turner was found not guilty of the charge of murder by reason of mental disease or defect. He was committed to the custody and care of the Director of Mental Health by the 16th Judicial Circuit Court. He was physically placed at Fulton State Hospital, Callaway County, Fulton, Missouri where he underwent psychiatric treatment.

On July 29, 1985, in the 16th Judicial Circuit Court (which was the committing court), Turner filed a petition in the alternative for a conditional/unconditional release. On January 2, 1986, the Prosecuting Attorney of Jackson County filed an objection to Turner's petition. The matter was set for hearing by Respondent on February 28, 1986. On July 31, 1987, after the matter was continued by both parties several times, a hearing was held which led Respondent to issue an order of conditional release. On July 5, 1988, Respondent issued to Relator an Order to Show Cause why he should not be held in contempt for alleged noncompliance with his (Respondent's) order of July 31, 1987. On July 8, 1988, through counsel, Robert Turner applied for a release to the custody of one Wendell Turner, or in the alternative, for a conditional release. On July 29, 1988, Relator responded to the Order to Show Cause and challenged the jurisdiction of Respondent. Upon a hearing, the Order to Show Cause was withdrawn and the matter was continued to November 18, 1988. On September 16, 1988, Relator filed a Petition for Writ of Prohibition with this court, which issued its preliminary rule. A briefing schedule was set under the rules and the matter was heard by this court.

As noted above, the sole issue presented is whether Respondent was vested with jurisdiction so as to issue his order of July 31, 1987 directing the conditional release of Robert Turner.

Robert Turner filed an application for conditional/unconditional release on July 29, 1985 pursuant to what was then § 552.040, RSMo Supp.1984. Under subsection 4, that statute provided that a person seeking either a conditional or unconditional release might file his application in the court which had committed him (in this case the 16th Judicial Circuit Court).

This question was addressed by our state Supreme Court in the case of *State ex rel. Schafer v. Casteel*, 732 S.W.2d 903, 906 (Mo. banc 1987), which declared:

> Regardless of the conditions under which an application for conditional release must be filed, it is 'the court having probate jurisdiction over the mental health facility where the [committed] person is being detained' which has jurisdiction to consider the requested release.
>
> \* \* \* \* \* \*
>
> The committing court does not retain inherent power over the release of an insanity acquittee; rather, it has only that power which is statutorily granted.

*Casteel* rules that all applications for conditional release must be filed in the court having probate jurisdiction over the facility in which a person is detained and that, perhaps, there is no distinction between persons acquitted by reason of mental defect or disease for the commission of sexual offenses or felonious crimes against persons and those acquitted by reason of

mental disease or defect for any other crime.

It obviously follows that Respondent never acquired jurisdiction under the ruling in *Casteel, supra.* Respondent's suggestion that the committing court had jurisdiction for both conditional and unconditional release applications is not supported by the ruling in *Casteel.* Jurisdiction for conditional release is vested in the court with probate jurisdiction over the facility where the person is detained. *See State v. Thomaston,* 726 S.W.2d 448, 450 (Mo.App. 1987).

Respondent, as the committing court having never acquired jurisdiction, was without authority to enter any order of conditional release. Respondent's order of July 31, 1987 was a nullity and was void because of the lack of jurisdiction.

One further note should be entered. Respondent contends that his vested right to apply for a conditional release includes his choice of the forum or court to which his application can be directed and in which any hearing can be conducted. Such contention is in error. While any insane acquittee has a statutory right to file or seek a filing of an application for a conditional release, such right does not carry with it any inherent right to demand a particular forum or court entertain the application or hear the matter. The forum or court is properly prescribed by statute and such designation is in conformity with other rules which prescribe or designate the forum or court to which matters can be addressed and heard.

Upon a finding that Respondent lacks jurisdiction, the order of conditional release under date of July 31, 1987 is held to be void. The preliminary rule in prohibition is made absolute, and Respondent is prohibited from taking any other action relative to the application for conditional release of Robert Turner.

All concur.